## L. D. WILKIE *v.* N. A, BRAY.

In order to create a lien in favor of a person who builds a house upon the land of another, the circumstances must be such as to first create the relation of debtor and creditor; and then it is for the *debt* that he has a lien..

CIVIL ACTION to enforce a mechanics' lien, commenced in a Justice's Court against the present defendant and one Charles Bray, and from thence removed by *recordari* to the Superior Court of CRAVEN county, where it was tried before *Clarke, J.*, at Spring Term, 1874..

The facts are fully stated in the opinion delivered by Justice READE.

Below the plaintiff had judgment, from which defendant appealed.

*Hubbard,. Green* and. *Lehman*, for appellant..
*Haughton, Seymour, Justice* and *Smith & Strong*, contra.

READE, J. In 1870 the defendant leased to his son, Charles Bray, a tract of land for the year 1871. And the plaintiff and said Charles Bray entered into a copartnership to raise a crop on said land in 1871. A part of the agreement on the part of the plaintiff was that he would "furnish materials and labor for the erection of a house for Charles Bray to live in on the farm." The plaintiff did furnish the materials, &c., and the house was built in October, 1870, before the lease commenced. And now the plaintiff claims a lien on the land for the materials, &c., under the act of 1868–'70, chap. 206, sec. 1, as follows:

"Every building built, rebuilt or improved, together with the necessary lots on which said building may be situated, and every lot, farm or vessel, or any kind of property not herein enumerated, shall be subject to a lien for the payment of all

debts contracted for work done on the same, or materials furnished."

The language of the statute is very comprehensive; and it is clear that if the house had been built under contract with the defendant, either express or implied, the lien would exist; but under the principle that no man can make another his debtor without his consent, the lien does not exist without a contract. It is true the contract may be implied, as if the house be built with his knowledge, and for his advantage, and without objection. It appears that the defendant had knowledge of the building; but then it appears, also, that "before it was commenced he notified the defendant that he was opposed to the building being put on his land." So it is put in the *case* for this Court, probably "defendant" is put for plaintiff, or else it must refer to Charles Bray, who was originally a co-defendant. But, at any rate, it negatives the idea that it was with the defendant's consent. It appears also that the defendant, when he heard that his son Charles and the plaintiff were going to farm together, cautioned the plaintiff not to credit Charles; and notified him that he would not pay any of his bills. It would seem, therefore, that there was no contract, express or implied, on the part of the defendant.

But here the plaintiff built a house on the defendant's land, and is the defendant to have the use and benefit of it and pay nothing for it? If the plaintiff built the house *officiously*, the folly is his own, and there is no hardship. And besides, it does not appear that the house has ever been of any use or benefit to the defendant. For aught that appears it may have been an injury. It must have been an inferior house, built at the cost of $78. And its location, and the space occupied by it, and the roads leading to and from it, and the timber consumed in the building, and the fire-wood used, may have been a decided injury. At any rate, the defendant did not want it built, and protested against it. And it seems to have been built under the terms of copartnership between the plaintiff and Charles for the temporary purpose of enabling Charles to

reside upon the farm during the lease. So that the plaintiff and Charles built the house, not for the defendant, but for themselves.

It is not true that in every case where one man builds upon the land of another and improves it, he has a lien upon the land under the statute ; *supra :* but in order to create the lien the circumstances must be such as to first create the relation of debtor and creditor ; and then it is for the *debt* that he has the lien.

There is error.

PER CURIAM.                                                 *Venire de novo.*