J. K. BOONE v. B. P. CHATFIELD, et al.

*Mechanic's Lien—Action to Enforce—Contract for Repairs by Lessee—Liability of Lessor.*

1. Before a mechanic's lien can attach, there must exist the relation of creditor and debtor—a debt must be created before a lien can attach.

2. Where the contract of lease of a hotel provided that the lessee should make and pay for repairs, and deduct the cost thereof from the rent, and required the lessee to deposit in a bank a sum out of which the cost of repairs should be paid, and provided that no liens should be created on the property for such repairs, and the lessee was ejected for non-payment of rent; *Held*, that a mechanic's lien cannot be enforced against the property of the lessor for repairs made for the lessee—the remedy of the mechanic being against the lessee, to whose contract with the owners the plaintiff should have looked.

This was an ACTION, brought to enforce a mechanic's lien upon the property described in plaintiff's complaint, belong-

ing to the *femes* defendants, M. M. Stringfield, wife of W. W. Stringfield, and M. R. Welch, wife of W. P. Welch, tried before *Robinson, J.*, and a jury, at Fall Term, 1895, of the Superior Court of HAYWOOD County.

After the jury were empaneled the pleadings were read and the plaintiff tendered issues to be submitted to the jury.

The plaintiff admitted that the contract set out in defendant's answer, (the material provisions of which are stated in the opinion of Justice MONTGOMERY,) was the contract referred to in plaintiff's complaint. Thereupon his Honor held that, it appearing that this action was brought to enforce a mechanic's lien against the property of the said *femes* defendants, M. M. Stringfield and M. R. Welch, both of whom were and are married women, the plaintiff, under the pleadings and the said contract referred to therein, could not recover in this action, and gave judgment dismissing the same as to all the defendants except B. P. Chatfield, and the plaintiff appealed.

*Messrs. Ferguson & Ferguson*, for plaintiff (appellant).
*Mr. R. D. Gilmer*, for defendant.

MONTGOMERY, J. : The defendants, M. M. Stringfield and M. R. Welch, were the owners of the Haywood White Sulphur Springs property. They and their respective husbands leased in writing the hotel property for three years to the other defendant, Chatfield. The lease provided among other things that Chatfield, the lessee, should have certain necessary repairs made upon the property, that he should pay for the same himself, and charge the amount so paid for repairs to the lessors to be deducted from the first year's rent. It was required also by the terms of the lease that Chatfield should deposit one thousand dollars in the Waynesville Bank, out of which the

BOONE *v.* CHATFIELD.

amount of repairs was to be paid, with the distinct under-
standing that no liens were to be created on the property
on account of the repairs.    The rents were to be paid in
installments, and it was stipulated that if they were not
regularly paid the defendant lessors might enter and take
possession of the property.    There was a failure to pay
rent, and the lessors took possession.    While Chatfield
was in possession, under a contract between him and
plaintiff, the plaintiff made certain repairs upon the prop-
erty, for which he has not been paid, and for which he
filed a lien in Haywood superior court.    This action is
brought to enforce the lien by the sale of the hotel
property, and to have applied from the proceeds of sale a
sufficiency to pay the amount of the alleged lien.    This
cannot be done.    Before a mechanic's lien can attach,
there must exist the relation of creditor and debtor.    A
debt must be created before there can be a lien. *Wilkey* v.
*Bray*, 71 N. C., 205 ; *Bailey* v. *Rutjes*, 86 N. C., 517.
The plaintiff had no contract with the defendants, except
Chatfield.    The plaintiff should have looked to the con-
tract between the lessors and Chatfield.    If he had done
so, he would have found that Chatfield was bound to pay
for the repairs, that there was a special fund set apart for
their payment, and a special provision that the hotel
property should not be bound for the repairs.    It is unnec-
essary to    pass upon    the    reasons which    his    Honor
assigned for giving the judgment.    The plaintiff could
not recover in any event against the defendants String-
field and Welch, nor hold the hotel property liable for the
repairs.                                                    No Error.

AVERY, J., did not sit on the hearing of this case.