JACOB BAKER v. P. D. ROBBINS and A. F. WILLIAMS,
Administrator of HARPER WILLIAMS, Deceased.

### Mechanic's Lien—Mortgage.

1. Before there can be a lien on property there must be a debt due
   from the owner of the property, a lien being but an incident
   to the debt.
2. Unless the statute otherwise provides, a mortgage lien is supe-
   rior to a subsequent lien created by statute.
3. Where a mechanic filed a lien for repairs made upon a saw-mill
   for the owner, such lien will not hold as against a mortgagee
   who did not authorize or know of the repairs, and did not
   subsequently ratify the acts of the owner and mechanic. In
   such case the lien is effective only against the owner's
   equity of redemption in the property.

CIVIL ACTION, tried on appeal from a judgment of a
Justice of the Peace, before *Coble, J.*, and a jury, at
August Term, 1896, of DUPLIN Superior Court. The facts
appear in the opinion of Associate Justice FURCHES. His
Honor, on the verdict in favor of the plaintiffs, rendered
judgment directing the lien on the boiler in favor of the
plaintiffs to be enforced as a superior lien to that of the
mortgagee, and the defendant Williams alone appealed.

*Messrs. Stevens & Beasley*, for plaintiff.
*Messrs. Simmons & Ward*, for defendant (appellant).

FURCHES, J. : This is an action of debt and to enforce a
mechanic's lien. The defendant Robbins was the owner
of a steam saw-mill and boiler, upon which defendant
Williams' intestate held a mortgage. The defendant Rob-
bins, being in possession of the mill without the knowledge

119—19

or consent of his co-defendant, employed the plaintiff to patch and repair the boiler, which he did, according to the finding of the jury, to the amount of $43.84.

The plaintiff afterwards filed his lien for this work on the mill, engine and boiler, which is admitted to be in time and regular in form.

There is no complaint of anything that occurred during the trial, but defendant Williams objects to the judgment of the court, and we are of the opinion that the objection is well taken.

It is not alleged that plaintiff had any contract with defendant Williams or his intestate to do this work, or that they knew he was doing the same.   And the jury find that the defendant Robbins is indebted to plaintiff for the work, and that defendant Williams is not.

The defendant Williams has, since this work was done, by action and claim and delivery, recovered possession of this mill, and now has the same in possession, and is proposing to sell the same under his mortgage to satisfy his debt.

There is no question but that plaintiff's lien is good against any interest the defendant Robbins may have in the mill; but it is contended by the plaintiff that it is good against the defendant Williams as well as against Robbins, and Phillips on Mechanic's Liens, 818, and *Watts* v. *Sweeney*, 127 Indiana, 116, are cited in support of this contention.   The citation from Phillips does seem to support this contention, and cites the case of *Watts* v. *Sweeney*, *supra*, as authority for the position.   We have examined *Watts* v. *Sweeney*, and whether it is correctly decided or not, it is clearly distinguishable from the case under consideration.   *Watts* v. *Sweeney* is a case where an engine was sent to the defendant's shops for repair, and it is held that defendant had a common-law right to retain possession

until the repairs were paid for. And by a statute of Indiana the defendant, after a certain time, had a right to sell the engine to make his debt. The statute created no lien, but only authorized the sale to enforce the lien. This common-law right to retain property is well recognized law, given to common carriers, inn-keepers, shop-keepers and others. But no common-law rights came to the assistance of the plaintiff in this case. Whatever rights he has are created by the statute. He had no possession, and therefore no right to retain possession. This he does not claim, but insists that by virtue of the statute he has a lien on this mill, superior to that of the mortgage of defendant Williams.

This case falls under the doctrine laid down by the Court in *Hanch* v. *Ripley*, 127 Ind., 150, where it is held that the lien of a mortgage is superior to a subsequent lien created by statute. And this is so in this State, except where it is provided otherwise by the statute. Statutory liens may and often do take effect from the date of their creation and not from the filing of the lien. But in this case it is not a question of priority of lien, so far as the defendant Williams is concerned, but the question is as to whether there is *any lien* asagainst him.

There is no debt or liability against him. The plaintiff claims none. He did not even have knowledge of the fact that the plaintiff was doing the work. He has never, by word or act, approved or ratified the acts of the plaintiff and the defendant Robbins. He has not received a dollar on his mortgage since the work was done.

The law seems to be settled in this State that there must be a debt due from the owner of the property before there can be a lien. The debt is the principal, the basis, the foundation upon which the lien depends. The lien is but the incident, and cannot exist without the principal.

*Bailey* v. *Rutjes*, 86 N. C., 517; *Boone* v. *Chatfield*, 118 N. C., 916. Under our statute giving sub-contractors liens the debt may not be due directly from the owner of the property to the sub-contractor, but he must be indebted to the original contractor at the time of filing the lien, or notice thereof, or there can be no lien. *Clark* v. *Edwards*, at this Term. The judgment of the court must be reformed so as to declare no debt or lien against the defendant Williams, but to be a lien on the defendant Robbins' equity of redemption in the property covered by the notice of lien filed by the plaintiff. When thus modified, it is affirmed.

Modified and Affirmed.