D. S. HILDEBRAND v. G. W. VANDERBILT.

(Filed 20 May, 1908).

1. **Liens for Labor and Materials — Lien Lost — Personal Action Against Owner.**
   The lien provided for a laborer or material man, under Revisal, sec. 2028, can be acquired without filing, if a statement of the amount due is rendered the owner, under Revisal, sec. 2022; and when the lien thus acquired is lost by not bringing suit within six months [Revisal, secs. 2027, 2033 (4)], an action can be maintained against the owner personally for his failure in his "duty to retain from the money due the contractor a sum not exceeding the price contracted for," etc. Revisal, sec. 2021.

2. **Same—Limitation of Actions Pleaded by Owner for Contractor.**
   When the owner is sued by a laborer or material man in time, and subsequently, after the statute had run in favor of the contractor, he was made a party and filed no answer, the owner cannot plead the statute of limitation for the contractor in his own behalf, the plea being personal to the contractor.

3. Liens for Labor and Materials—Lost Liens—Judgment, Amount of—Adjustment of Claims.

   The laborer or material man can only recover of the owner his *pro rata* part of that sum which the owner is required to "retain from the contractor then due" (Revisal, sec. 2021), this *pro rata* to be determined after consideration by the court below of all the claims of laborers, etc., against the contractor—their priorities, validity, etc.; and a judgment fixing the owner with a liability greater than that demanded for the satisfaction of the plaintiff's claim, without making the other like claimants parties, must be remanded and reformed.

4. Liens for Labor and Materials—Lost Liens—Judgment to Pay into Court—Irregular Execution.

   A judgment rendered against the owner and in favor of material men, etc., which requires the owner to pay any sum into court, is irregular. The judgment should fix the amount due, for which an execution may issue.

ACTION tried before *Cooke, J.,* and a jury, at May Term, 1907, of BUNCOMBE.

Defendant appealed.

*Craig, Martin & Winston* for plaintiff.
*Merrimon & Merrimon* for defendant.

CLARK, C. J.   The plaintiff sued to recover the value of certain brick furnished by him to the defendant Hugill, a contractor, who used them in constructing certain buildings for the defendant Vanderbilt.

The jury found that Hugill was indebted to plaintiff for said brick $360; that plaintiff gave notice of said indebtedness to defendant Vanderbilt 1 October, 1900; that at that time said Vanderbilt was indebted to Hugill under said contract $780; that Vanderbilt, without cause, terminated the contract; that after paying for completion of the building, with proper regard to economy, there was due by Vanderbilt to Hugill $1,500.   It appearing that there were other debts due by Hugill for material, etc., judgment was rendered that the plaintiff recover of the defendant Hugill $360, with interest from 1 October, 1900; also, that defendant Vanderbilt

is indebted to Hugill in the sum of $1,500, with interest from 1 June, 1901, and he was ordered to pay that sum into court immediately for the use of the parties heretofore adjudged to be entitled thereto.

This action was begun 1 June, 1901. By virtue of Revisal, sec. 2028, the lien of a laborer or material man must be filed in twelve months, but by Revisal, sec. 2022, it can be acquired without filing if a statement of the amount due is rendered the owner. However acquired, the lien is lost if action thereon is not begun in six months. Revisal, secs. 2027, 2033 (4). The plaintiff, not having begun this action within six months after giving the statement of his claim to the owner, on 1 October, 1900, has no lien, but he can maintain this action against the owner personally, under Revisal, sec. 2021, which makes it the "duty of the owner to retain from the money then due the contractor a sum not exceeding the price contracted for," to be paid to the laborer, mechanic or material man whenever an itemized statement of the amount due him is furnished by either of such parties or the contractor.

Hugill was not originally made a party to this action. When brought in as a party, March Term, 1905, he filed no answer, but the defendant Vanderbilt obtained leave and amended his own answer to plead the three-years statute of limitations. He could not plead the statute himself, having been sued in June, 1901, and he cannot plead it for Hugill, for the plea is personal to Hugill.

The judgment ascertaining the debt due by Hugill to plaintiff is affirmed. The rest of the judgment is irregular and must be reformed. As between plaintiff and Vanderbilt the amount due by the latter to Hugill is fixed by the verdict at $360 and interest—not at $1,500, for the plaintiff recovers not by virtue of a lien, but under Revisal, sec. 2021, which requires the owner to "retain from the money *then* due" contractor. The plaintiff is only entitled to recover of Vander-

bilt his *pro rata* part of that sum (not exceeding his judgment against Hugill), this *pro rata* to be determined after consideration by the court below of all the claims of laborers, mechanics and material men against Hugill in this matter, their priorities, validity, etc. No such data is before us, and the case must go back to reform the judgment according to this opinion. It is also irregular and without warrant of law to require defendant to "pay into court" any sum. The judgment fixes the amount due, and execution—not contempt proceedings—issues if not paid.

The other claimants not being parties to this action, the finding that Vanderbilt is indebted to Hugill $780 is not binding between Vanderbilt and the other claimants. They should all have been brought into this action and their rights and *pro rata* recovery determined as on a creditor's bill. The costs of this Court will be divided. Judgment modified and case

Remanded.