CHARLOTTE PIPE AND FOUNDRY COMPANY v. SOUTHERN ALUMINUM COMPANY ET AL.

(Filed 19 December, 1916.)

**1. Mechanics' Lien—Notice—Trusts—Statutes.**

The amount due the contractor and subject to the claims of material men who have filed their statutory notice is not a debt due by the owner to the material men in the ordinary sense, but a fund held in trust for them strictly arising from the operation of the statute, in conformity with its terms; and the statute imposes no duty upon the owner when the material men have not filed the required notice or acquired their lien accordingly.

**2. Same—Double Security—Distribution.**

The statute furnishes a double security to those furnishing material, etc., to the contractor used in a building and who give the statutory notice to the owner, in giving them a lien upon the property if enforced by suit within six months (Revisal, sec. 2019), and, also, an interest in the trust funds in the hands of the owner and due to the contractor, which funds are to be distributed pro rata among the claimants thereto entitled (Revisal, sec. 2023), the latter security not being in strictness a lien, but a right to have an accounting in an ordinary civil action and judgment for the amount due by the owner to the contractor.

**3. Same—Priorities.**

One who has furnished material to a contractor, which was used in the building, and who, with others, has given the statutory notice to the

owner, who then owes his contractor, according to his contract, by enforcing his lien by action within the six months acquires no superior right in the pro rata distribution of the trust funds, but only the additional security of his lien. Revisal, secs. 2019, 2021.

CIVIL ACTION tried before *Justice, J.,* at May Term, 1916, of STANLY.

This is an action, brought by plaintiff, the Charlotte Pipe and Foundry Company, for the purpose of enforcing a lien against the property of the Southern Aluminum Company, owner, on account of materials furnished to Stier-March Contracting Company, contractor.

The defendant, the Southern Aluminum Company, admits that the plaintiff's claim is for materials and supplies furnished to and used by Stier-March Contracting Company, contractor, on the land and in the improvement of the land of the said Southern Aluminum Company, described in the complaint; that notice and claim of lien was duly given; that suit was brought for the purpose of enforcing said lien within the time prescribed by law, against Stier-March Contracting Company, contractor, and Southern Aluminum Company, owner; that sufficient funds were, and still are, in the hands of Southern Aluminum Company, belonging to Stier-March Contracting Company, to pay plaintiff's claim in full; that none other of the creditors of Stier-March Contracting Company have brought suit to enforce their lien within six months from date of filing notice of the same with the owner or with the clerk of the Superior Court. But the Southern Aluminum Company contends that all creditors filing notice of claims with the owner are entitled to prorate with the plaintiff in the distribution of the funds in hand, despite the fact of their failure to bring suit to enforce their liens as prescribed by statute.

The amount due the plaintiff is $814.23, the amount due the contractor is $1,250, and the total amount of claims filed is $6,133.47.

Judgment was entered in favor of the plaintiff against the Aluminum Company, requiring it to pay the claim of the plaintiff in full and adjudging the amount to be a lien on its property, and the defendant excepted and appealed.

*A. C. Huneycutt and O. J. Sikes for plaintiff.*
*R. L. Smith for defendant.*

ALLEN, J. The lien for labor done and materials furnished is given by statute to enforce the payment of a debt, and the general principle underlying the lien laws is that the relation of debtor and creditor must exist and that there can be no lien without a debt (*Boone v. Chatfield,* 118 N. C., 916; *Weathers v. Borders,* 124 N. C., 610); and it was therefore held in *Wilkie v. Bray,* 71 N. C., 205, that as there is no

45—172

contractual relation between the owner of property and one who furnishes materials to the contractor, that the subcontractor could not have the benefit of the lien.

Soon after this decision, however, the statutes were amended to include subcontractors, and the provisions for their benefit are now sections 2019 and 2023, inclusive, of the Revisal.

The injustice was recognized of permitting the labor and material of one man to be used to enhance the value of the property of another without compensation, which would have been the result prior to the amendments if the contractor could not be made to pay, and also that the owner ought not to be required to pay the contractor and then have to pay for labor and material when he had not agreed to do so, and the statute was enacted in an effort to adjust the rights of the parties along lines that would be just to both.

The dominant ideas in the statute are that the laborer and material man may by notice protect themselves to the extent of the contract price; that the owner shall not be liable beyond the amount due the contractor at the time of notice given; and that when a lien upon the property is once acquired by giving notice, the amount due the contractor shall be distributed among the claimants pro rata.

The lien is acquired by notice to the owner, and not by filing with some officer (*Mfg. Co. v. Andrews,* 165 N. C., 294), and the amount due the contractor at the time of notice is not a debt due by the owner in the ordinary sense, but a trust fund. *Bond v. Cotton Mills,* 166 N. C., 23.

The statute furnishes the claimants a double security. It gives to them, upon giving notice, a lien on the property of the owner (Rev., sec. 2019), and then imposes upon the owner the duties of a trustee with respect to the amount due the contractor, and requires him "to distribute the amount pro rata among the several claimants as shown by the itemized statements furnished the owner." Revisal, sec. 2023.

The first of these requires an action to enforce it, and this is the lien referred to in *Hildebrand v. Vanderbilt,* 147 N. C., 641, as "lost if action is not begun thereon in six months," while the second does not in strictness create a lien, but a right to have an accounting in an ordinary civil action and judgment for the amount due by the owner to the contractor.

This is the conclusion reached by the Court in *Hildebrand v. Vanderbilt, supra,* and in *Perry v. Swanner,* 150 N. C., 142.

The Court says, in the first of these cases, in which notice had been given to the owner, but action had not been begun to enforce the lien upon the property within the statutory period: "The plaintiff, not having begun this action within six months after giving the statement

of his claim to the owner on 1 October, 1900, has no lien; but he can maintain this action against the owner personally, under Revisal, sec. 2021, which makes it the 'duty of the owner to retain from the money then due the contractor a sum not exceeding the price contracted for,' to be paid to the laborer, mechanic, or material man whenever an itemized statement of the amount due him is furnished by either of such parties or the contractor"; and in the second, after holding that the contractor is not the trustee of an express trust, and therefore not entitled to sue in behalf of all who had furnished material: "The plaintiff testified that he furnished to defendants written statements of the sums due to the material men, in accordance with the statute (Revisal, secs. 2021, 2023). When that statute is complied with, a direct obligation upon the part of the owner to the material man may be created, upon which the latter may sue in his own name."

The right, however, to share in the fund due by the owner to the contractor and to have that fund distributed pro rata among the claimants is a statutory right, and is dependent upon acquiring a lien on the property by giving the notice to the owner; and if no lien on the property is or can be acquired, no duty or obligation is imposed upon the owner by giving the notice.

This was held in *Hardware Co. v. Schools*, 150 N. C., 680, and in the same case, 151 N. C., 508. When this case was first before the Court the only question considered was whether a public school building was subject to the statutory lien for the materials furnished for its construction, and it was held that a lien could not be acquired upon public buildings.

The plaintiffs then moved in the Superior Court, upon findings of fact which showed that at least some of the claimants had filed itemized statements and notice with the trustees of the school, in accordance with the statute and at a time when there was an amount due the contractor, for judgment for the amount owing by the trustees to the contractor, and this was denied in the Superior Court, and the plaintiffs again appealed, and the judgment of the Superior Court was affirmed.

The Court says on the last appeal: "Even a cursory perusal of our statute (Revisal, ch. 48) will make it plainly appear that a subcontractor or a person who furnishes materials for the construction of the building has no claim against the owner apart from the claim he acquires by virtue of his lien after notice to the owner and before he settles with the contractor. The statute was not intended to change the well settled general principle that there must be privity of contract before any liability by one person to another can arise. . . . Revisal, secs. 2019, 2020, 2021 of ch. 48, clearly import, by their words, that

the subcontractor or material man, if he gives the required notice, shall have a lien; and when he acquires a lien by giving the proper notice, the owner of the property upon which the lien rests becomes his debtor to the amount owing by the owner to the contractor at the time of the notice, and not exceeding the debt."

If a lien upon the property is once acquired and either or both of these remedies are pursued, one against the property and the other against the amount due the contractor, the amount charged upon the property and the trust fund cannot exceed the amount due the contractor, and a claimant who brings an action to enforce his lien against the property gains no advantage over the other claimants in the trust fund, but does have an additional security for the payment of his pro rata part.

This seems to be the correct interpretation of the statute when its history, purposes, and language are considered, and while the question was not then directly presented, it follows from the reasoning in *Mfg. Co. v. Andrews, supra.*

The case of *Hildebrand v. Vanderbilt* recognizes the distinction between the action to enforce the lien against the property and the right to have the fund distributed, because it was there held that although the first right of action had been lost, the claimants were entitled to the fund, and that all who had filed claims with the owner were entitled to share equally.

It follows that there is error in adjudging the plaintiff to be entitled to its claim in full instead of the pro rata part thereof.

Error.