DUNCAN CAMPBELL v. W. D. HALL ET AL., TRUSTEES OF THE CHURCH OF THE COVENANT.

(Filed 26 March, 1924.)

**Liens—Statutes—Subcontractors—Materialmen—Notice to Owner—Actions.**

Where the subcontractor and material furnisher for the erection of a building have given the owner an itemized statement of materials furnished by them therefor, and at that time the owner owes the contractor moneys under the contract made with him, to that extent the subcontractors and materialmen have a lien for the payment of their claims so filed, and may maintain a civil action thereon against the owner under the provisions of C. S., 2439, 2440, 2441, without being required to file their liens within six months, etc., under the provisions of C. S., 2469, or bring suit within six months thereafter, under those of C. S., 2474.

APPEAL by defendants from *Daniels, J.,* at February Term, 1924, of WAKE.

The case was heard upon the following agreed statement of facts:

1. Prior to 15 May, 1922, the Church of the Covenant contracted with U. A. Underwood for the building of certain Sunday-school rooms in the city of Wilmington, N. C., to be constructed according to certain specifications and for a specified sum.

2. Prior to the said 15 May, 1922, the said U. A. Underwood subcontracted to the plaintiff, Duncan Campbell, a certain part of said work, to be constructed according to the said specifications and for a specified sum.

3. On or about 15 May, 1922, the said Duncan Campbell notified the defendant, Church of the Covenant, that the said U. A. Underwood was indebted to him on his said subcontract in the sum of $1,250, and that he would require the Church of the Covenant to pay to him that sum from the moneys due by said church to U. A. Underwood.

4. Thereafter the plaintiff herein instituted suit against U. A. Underwood in the Superior Court of Wake County and recovered judgment against him on his said subcontract for the sum of $1,250, with interest and cost. In the said action the defendant therein, U. A. Underwood, set up a counterclaim against the said Duncan Campbell, which is substantially the same as the counterclaim set up by the defendants in this action, and a verdict was found against the said U. A. Underwood on the said counterclaim.

5. Subsequently, but more than six months after the giving of the notice by the said subcontractor, Duncan Campbell, to the owners, defendants herein, this action was brought by the said Duncan Campbell against the said Church of the Covenant.

6. At the time of giving said notice, the Church of the Covenant was indebted to U. A. Underwood upon his said contract in a sum exceeding $1,250.

7. U. A. Underwood completed the said contract with the Church of the Covenant, and delivered the said buildings in accordance with the terms of his contract and at the contract price.

8. U. A. Underwood is now insolvent, but the said Church of the Covenant required the said U. A. Underwood to furnish to the said church an indemnity bond to indemnify the said church against the claim of the plaintiff, which bond was given with the Maryland Casualty Company as surety thereon, and which bond the defendants now hold.

Upon these facts, *Judge Daniels* rendered the following judgment:

"It appearing to the court that the only defense insisted on by the defendant, Church of the Covenant, is that the suit to enforce the claim was not brought within six months after notice to the church of the plaintiff's claim, and the court being of the opinion that under the statute, where a lien is not filed, but notice is required to the owner to withhold the fund, the suit is not required to be brought within six months after giving said notice:

"It is therefore ordered and adjudged that the plaintiff, Duncan Campbell, recover of the defendant, Church of the Covenant, the sum of $1,250, the amount of its claim, with interest thereon from 15 May, 1922, and his cost incurred in this action, to be taxed by the clerk."

The defendants excepted and appealed. The only question is whether it was necessary for the plaintiff to bring suit within six months after filing notice of his claim with the defendants.

*H. L. Swain and Johnson & McMahon for plaintiff.*
*Rountree & Carr for defendants.*

ADAMS, J. In *Hildebrand v. Vanderbilt,* 147 N. C., 639, it is said: "By virtue of Revisal, 2028 (C. S., 2470), the lien of a laborer or materialman must be filed in twelve months [now six], but by Revisal, 2022 (C. S., 2441) it can be acquired without filing if a statement of the amount due is rendered the owner. However acquired, the lien is lost if action thereon is not begun in six months. Revisal, 2027, 2023 (C. S., 2474, 2479). The plaintiff, not having begun this action within six months after giving the statement of his claim to the owner on 1 October, 1900, has no lien, but he can maintain this action against the owner personally, under Revisal, 2021 (C. S., 2439, 2440), which makes it the "duty of the owner to retain from the money thus due the contractor a sum not exceeding the price contracted for," to be paid to the laborer, mechanic, or materialman whenever an itemized statement

of the amount due him is furnished by either of such parties or the contractor." See, also, C. S., 2441.

Section 2469 of the Consolidated Statutes prescribes the method of filing a lien against both personal property and real estate, it designates the court in which the lien shall be filed, and requires a statement in detail of the materials furnished or the labor performed. Section 2470 provides that notice of the lien shall be filed at any time within six months after the completion of the labor or the final furnishing of the materials. For the enforcement of the lien referred to in these sections the claimant must bring his action within six months after notice of the lien is filed. C. S., 2474. But by virtue of section 2441 if an itemized statement be rendered to the owner as provided in the preceding section, the sum due the laborer or the person furnishing materials shall be a lien, although his claim is not filed with the clerk or with the nearest justice of the peace, under section 2469. So, when sections 2439, 2440, and 2441 are complied with, the claimant is not restricted to a period of six months for bringing his action. These sections do not create a technical lien, but they confer a right to have an accounting in a civil action, and a judgment for the amount found to be due by the owner to the contractor. *Foundry Co. v. Aluminum Co.,* 172 N. C., 704, 706; *Mfg. Co. v. Andrews,* 165 N. C., 285, 294; *Hardware Co. v. Graded Schools,* 151 N. C., 507; *Perry v. Swanner,* 150 N. C., 141.

The defendants have cited *Granite Co. v. Bank,* 172 N. C., 354, and *Norfleet v. Cotton Factory,* 172 N. C., 833; but, as we understand them, these cases are not in conflict with the construction given the various statutes referred to in *Hildebrand v. Vanderbilt* and *Foundry Co. v. Aluminum Co., supra.*

As the plaintiff's action may not be defeated by his failure to bring suit against the defendants within six months after giving notice to the defendants, the judgment, we think, is free from error.

No error.