A. L. BOYKIN AND A. E. BOYKIN, TRADING AND DOING BUSINESS AS A. L. BOYKIN AND SON, v. GEORGE W. LOGAN AND WIFE, MAUDE E. LOGAN; W. J. KENNEDY, JR., TRUSTEE; AND NORTH CAROLINA MUTUAL LIFE INSURANCE COMPANY, A CORPORATION.

(Filed 21 September, 1932.)

1. **Laborers' and Materialmen's Liens D b—Priority of liens of material-men under direct contract with owner are fixed by date of filing notice.**

   Liens of materialmen and laborers are statutory, and by the clear pro-visions of the statute the liens of parties furnishing labor and material under direct contract with the owner have priority in accordance with the time of filing notice of lien with the justice of the peace or clerk, C. S., 2471, 2473, and where there are several parties furnishing material under direct contract with the owner and each has complied with the require-ments of the statutes, C. S., 2469, 2470, 2474, the priorities between them will be determined in accordance with the date of filing notice of lien, and the fact that one materialman started furnishing labor and material before the others does not affect this priority, nor is he entitled to insist upon payment of all liens pro rata. The right of pro rata payment on liens of subcontractors is distinguished on the basis of the statutory provisions, C. S., 2442, no notice of lien being required to be filed with the justice of the peace or clerk in the case of subcontractors, notice to the owner being sufficient under the statute. Const., Art. XIV, sec. 4.

2. **Laborers' and Materialmen's Liens A a — Relation of debtor and creditor is necessary for creation of lien of laborer or materialman.**

   In order for the creation of a lien of a laborer or materialman the re-lationship of debtor and creditor must exist between him and the owner, but this relationship may be created either by express or implied contract.

APPEAL by plaintiffs from *Midyette, J.,* at February Term, 1932, of DURHAM. Affirmed.

The material facts are as follows: Plaintiffs made, direct with the owners, an entire and indivisible contract for the furnishing of certain materials and doing all of the labor required to complete the erection of a theater building upon the property of the defendants, Logans, in the city of Durham, North Carolina, and entered upon and performed their contract, expending $9,249.75, under the terms of the contract. Within six months time, fixed by statute, after the completion of the contract, plaintiffs filed notice of lien with the clerk of the Superior Court of Durham County, North Carolina, and brought action to enforce the lien, as prescribed by statute. During the performance by plaintiffs of their contract, and while the work was in progress, certain other persons furnished certain labor and materials used in the building, under direct contract with the owners thereof. The various claimants filed their liens in the office of the clerk of the Superior Court of Durham

County, North Carolina, alleging a direct contract with Logan and wife, and complied with the statutory requirements in perfecting their claims of liens. There were no subcontractors. Notices of the numerous claims of liens were filed by these other persons prior to the notice filed by plaintiffs. Those who furnished labor and materials claim priority for their liens solely because of this filing, and notwithstanding the fact that they began furnishing such labor and materials *after the work had been begun by plaintiffs and while it was in progress.*

The action was referred to Judge P. C. Graham, as referee, by order of Judge Devin. The referee filed his report setting forth his findings of fact and conclusions of law. Exceptions were duly filed by plaintiffs to said report of the referee. Upon the hearing of the report and exceptions, an order of rereference was made to find certain additional facts. The referee filed, pursuant to said order, his supplemental report. The plaintiffs filed exceptions to the report and supplemental report. Thereupon the matter was heard by Judge Midyette, who entered judgment, which in part is as follows:

"This cause coming on to be heard at the February Term of the Superior Court of Durham County after due notice to all parties hereto, and being heard upon the report of the referee and exceptions filed herein: And after hearing argument of counsel for both sides and after examining the pleadings and reading the briefs filed herein, it is now, therefore, ordered, considered and adjudged and decreed that the report and supplemental report of the referee herein and his findings of fact and conclusions of law as therein set out be and the same are hereby in all respects approved, ratified and confirmed. It is further ordered and adjudged that the lien of Borden Brick and Tile Company in the sum of $5,577.27 be and is declared a first lien upon the property described in the lien claim known as the Regal Theater belonging to the defendant, Geo. W. Logan and wife."

Then is set forth in the judgment 21 other liens, according to the priority in which they were filed in the office of the clerk of the Superior Court of Durham County, North Carolina. In reference to plaintiff's lien, is the following: "Adjudged that A. L. Boykin and A. E. Boykin, trading as A. L. Boykin and Company are entitled to an eighteenth lien upon the said property in the amount of $9,249.75. . . . And this cause is retained for further orders. G. E. Midyette, Judge Presiding."

The plaintiffs duly excepted and assigned error to the judgment as signed.

*Williams & Williams and Manning & Manning for plaintiffs.*

*Morehead & Murdock, R. H. Sykes and Elledge & Wells for various defendants.*

CLARKSON, J. The sole question presented by this appeal is whether furnishers of material and labor who have contracts directly with the owners of the property and file their claims as liens in the office of the clerk of the court shall be paid according to the priority of filing as prescribed by C. S., 2471, or shall be prorated among the claimants. We think they should be paid according to the priority of filing, as prescribed by C. S., 2471, and not prorated among the claimants.

To determine this controversy, we must examine the Constitution and statutes relative to the subject:

The Constitution of North Carolina, Art. XIV, sec. 4, is as follows: "The General Assembly shall provide by proper legislation, for giving to mechanics and laborers an adequate lien on the subject-matter of their labor."

C. S., 2433: "Every building built, rebuilt, repaired or improved, together with the necessary lots on which such building is situated, and every lot, farm or vessel, or any kind of property, real or personal, not herein enumerated, shall be subject to a lien for the payment of all debts contracted for work done on the same, or material furnished."

In *Wilkie v. Bray*, 71 N. C., p. 205, it is held: "In order to create a lien in favor of a person who builds a house upon the land of another, the circumstances must be such as to first create the relation of debtor and creditor; and then it is for the debt that he has a lien." *Lester v. Houston*, 101 N. C., 605; *Boone v. Chatfield*, 118 N. C., 916; *Porter v. Case*, 187 N. C., at p. 634; *Honeycutt v. Kenilworth Development Co.*, 199 N. C., 373.

The relationship of debtor and creditor may be created either by express or implied contract.

In reference to the various parties claiming liens:

C. S., 2469, was complied with—the claim of lien was filed "in the office of the Superior Court clerk," etc. C. S., 2470, was complied with— the notice was regularly filed "at any time within six months after the completion of the labor or the final furnishing of the material." C. S., 2474, in reference to bringing action to enforce lien "within six months from the date of filing the notice" was complied with. C. S., 952, "Each clerk shall keep the following books, which shall be open to the inspection of the public during regular office hours. Subsec. 23: Lien docket, which shall contain a record of all notices of liens filed in his office, properly indexed, showing the names of the lienor and the lienee," was complied with. *West v. Jackson*, 198 N. C., 693; C. S., 3561.

The sections which call for our construction are (1) 2471, as follows: *"The liens created and established by this chapter shall be paid and settled according to the priority of the notice of the lien filed with the*

*justice of the peace or the clerk."* And (2) C. S., 2473, as follows: "Nothing in this chapter shall be construed to affect the rights of any person to whom any debt may be due for any work done *for which priority of claim is filed with the proper officer."*

In *Commissioners v. Henderson,* 163 N. C., at p. 119, we find the following: "Where the language of a statute is free from ambiguity and conveys a definite and sensible meaning, the courts should not hesitate to give it a liberal interpretation merely because they may question the wisdom or expediency of the enactment. In such a case, these are not pertinent inquiries for the judicial tribunal. If there be any unwisdom or injustice in the law, it is for the Legislature to remedy it. For the courts, the only rule is *ita lex scripta est." Whilford v. Ins. Co.,* 163 N. C., 223.

There is no ambiguity in the language of the statute and we must construe it according to the clear and unmistakable language. An action similar to the present one was tried in the District Court of the United States for the Western District of North Carolina: *In the matter of Fleetwood of Hendersonville Hotel Corporation, bankrupt* (filed 23 February, 1932). The learned and able U. S. District Judge, *E. Yates Webb,* in rendering the opinion, said: "The Court concludes, as a matter of law, that the conclusions of law of the special master, contained in his report to this Court on pages 26 and 27, wherein he holds that the lienors above named, except J. E. Moss Iron Works, shall share on a pro rata basis, are overruled and set aside; *it being the opinion of the Court that the lien first filed under the statutory law of North Carolina is prior to other subsequently filed liens."* (Italics ours.)

Under an analogous statute in *Hall v. Hickley and others,* 32 Wis., p. 362, that Court said, at p. 366: "For the purpose of establishing priority of right as between the different lien creditors, or those performing the labor and furnishing the materials, this Court has held, in the cases above referred to, that the lien is created or fixed by the filing of the petition. If the view thus taken was correct and is adhered to, it is necessarily decisive of the question of priority here presented, and also indicates that there is no jurisdiction in equity to foreclose the lien in a case like this. . . . (p. 370) Wherever it is a race of diligence among creditors, the maxim, *qui prior est in tempore potior est in jure,* applies, and he who takes the first step, or first perfects the proceeding requisite in law to establish his right, thereby acquires priority; and those who come after in pursuit of the same remedy, must take it subject to the right so acquired."

In *McAdams v. Trust Co.,* 167 N. C., at p. 496, it is said: "Construing our statute on liens of mechanics and laborers, this Court held

in *Burr v. Maultsby,* 99 N. C., 263, that the lien relates back to the time the work was commenced or the materials were furnished, and does not impair or affect encumbrances existing prior to that time but only those subsequently created." *Porter v. Case,* 187 N. C., at p. 636; *Harris v. Cheshire,* 189 N. C., 219; *King v. Elliott,* 197 N. C., at p. 97.

In the case of *Manufacturing Co. v. Andrews (Anderson),* 165 N. C., at page 294, the following language is found: "The section relied on by the Morganton Manufacturing Company . . . purports to deal with 'the liens created and established by this chapter.' It is true but it says also that they shall be paid according to the priority of the notice of the lien filed with the justice or the clerk, and as the provisions in favor of the subcontractors are segregated, giving the means of acquiring the lien and of enforcing it, and have no reference to filing a lien with a justice or a clerk, except when it says that it is not necessary to do so, we are of the opinion that the two sections are not in conflict, and that section 2035 (Pell's Rev. of 1908), C. S., 2471, relates to liens required to be filed with the proper officers, and does not affect the provisions as to subcontractors, who acquire a lien by notice to the owner." *Foundry Co. v. Southern Aluminum Co.,* 172 N. C., at p. 704; *White v. Riddle,* 198 N. C., 511.

In *Mfg. Co. v. Andrews (Anderson), supra,* the Court had before it a controversy between certain subcontractors as to which of them had priority, and it held that under the statute giving liens to subcontractors all subcontractors should be paid pro rata. C. S., 2442. "No notice by the subcontractor need be filed before a justice of the peace or clerk as is required of contractors, but notice to owner creates the lien." *Porter v. Case, supra,* at p. 639; *Construction Co. v. Journal,* 198 N. C., 273; C. S., 2437, 2438.

The present action concerns parties who dealt directly with the owners in furnishing labor and material. The present holding may seem to be an injustice, as contended by plaintiffs, but the lien law is statutory and we must follow it. We think the present holding has been long recognized by the profession. We cannot engraft on a statute of clear language and meaning any equitable principle. We must construe and not make the law, any change is for the law-making power. A person may owe various creditors, but none have a lien on his real property, but if one sues and dockets his judgment in the clerk's office, this diligent creditor acquires a first lien. C. S., 614. The matter is statutory. For the reasons given, the judgment of the court below must be

Affirmed.