W. H. BROWN AND C. C. BROWN, TRADING AS C. C. BROWN PLUMBING & HEATING COMPANY, v. HOWARD R. WARD, T. JARVIS HARRIS AND WIFE, MAUDE HARRIS AND SUE-PHIL, INC., A CORPORATION.

(Filed· 20 May, 1942.)

**1. Appeal and Error § 29—**

Exceptions not brought forward and discussed in appellant's brief are deemed abandoned. Rules of Practice in Supreme Court, No. 28.

**2. Laborers' and Materialmen's Liens § 1—**

The existence of a debt arising out of contract, due by the owner of the property, is a necessary predicate to the existence of a lien for labor and materials. C. S., 2433.

**.3. Landlord and Tenant § 1—**

The mere existence of the relationship of lessor and lessee does not constitute lessee an agent of lessor.

**4. Landlord and Tenant § 10—**

In the absence of any agreement between the parties, there is no obligation on the part of lessor to pay lessee for improvements erected by lessee upon the demised premises, even though the improvements are annexed to the freehold and cannot be moved by lessee.

**5. Same—**

Lessors are not liable to a materialman who, under contract with the lessee, furnished materials for improvements which were annexed to the land and became a part of the realty, merely by reason of the fact that lessors took possession of the premises, with the improvements, upon the surrender of their tenant.

**6. Laborers' and Materialmen's Liens § 1—Ordinarily, material furnisher under contract with lessee may not enforce lien against lessor.**

Under the terms of the lease in suit, lessee agreed to construct a building on the premises, lessors reserving the right of inspection and approval. The lease stipulated that upon its expiration or upon the abandonment of the premises by lessee, all buildings should become the property of lessors free from any claim of lessee. Lessee constructed a building on the premises and thereafter abandoned his lease, and plaintiffs, the furnishers of labor and materials in the construction of the building, instituted this action to enforce the lien therefor against lessors. *Held:* In the absence of evidence that lessors knew or had reason to believe that plaintiffs were looking to them for payment and allowed them to proceed under that expectation without objection, plaintiffs may not enforce the lien against lessors, lessee not being an agent of lessors in making the improvements, and the mere fact that the improvements were made with knowledge on the part of lessors that the work was being done or materials furnished being insufficient predicate for the claim of lien.

APPEAL by plaintiffs from *Bone, J.,* at February Term, 1942, of CUMBERLAND. Affirmed.

Civil action to recover for labor and material furnished and to enforce lien therefor.

On 3 May, 1941, defendants Harris leased to defendant Ward certain land fronting on the new hard surface highway leading from the Fayette-ville-Raeford Highway to the Fort Bragg Highway. The lease was for the period from the date thereof to 3 November, 1946, with privilege of renewal for an additional period of 5 years. The lease was in considera-tion of covenants and agreements on the part of Ward: (1) to pay $1,000 per annum rent; (2) to construct a building on said premises facing and adjacent to the Fort Bragg Highway in accord with plans and specifications to be furnished by him and to be inspected and ap-proved by the lessors; and (3) in the event the lessee decided to build a building facing on the new hard surface highway he was to pay an additional sum of $500 from the date of the construction, in advance. There was also a stipulation in respect to the adjustment of taxes. It was further stipulated that after the expiration of the lease, or if the lease was abandoned by the lessee prior to its expiration, then all build-ings or structures, together with sewerage, electrical attachments, etc., shall become the property of the lessors free from any claim or right of the lessee; that the lessee shall operate a recreational center; that the lessors should procure insurance and "if the building or buildings should be destroyed or rendered unfit for use by fire or other casualty, and the 'leasee' does not desire to rebuild the buildings as originally placed or approximately at the same cost, then in that event, this lease shall there-upon terminate, but the said 'leasee' shall have no privilege of rebuilding the buildings then the 'leasors' will pay the 'leasee' such sum as is col-lected by reason of the construction of said buildings, less such insurance premium or premiums as said 'leasors,' to be paid at such time as the 'leasee' has reconstructed the building."

The lessee entered into a contract with one Wilkinson for the construc-tion of a building upon the premises. Wilkinson employed plaintiffs to furnish the material and to do the work required in connection with plumbing specified in the plans. At that time plaintiff did not know Ward. Thereafter, Ward confirmed the plumbing subcontract, author-ized the work to be charged to him and from time to time procured plain-tiffs to do additional work. The total charges for labor and material furnished by plaintiffs was $1,208.69, of which Ward paid $400. At no time did plaintiffs contact the defendant Harris or know that they were in anywise interested in the land or the construction of the building. Ward having failed to pay the balance due, plaintiffs filed a lien and instituted this action for the enforcement thereof.

The lessee abandoned the lease and vacated the premises before the expiration of the lease.

When the cause came on to be heard in the court below, at the conclusion of the evidence for the plaintiff on motion duly made, the court entered judgment as of nonsuit as to the defendants Harris. Plaintiffs excepted and appealed without proceeding to judgment against Ward.

*Ellis & Nance for plaintiffs, appellants.*
*Rose & Lyon for defendants Harris, appellees.*

BARNHILL, J. Appellants, in their brief, discuss only the exceptions directed to the alleged error of the court below in granting the motion to dismiss as of nonsuit and in signing judgment thereon. All other exceptions are deemed to be abandoned. Rule 28: *In re Beard,* 202 N. C., 661, 163 S. E., 748.

In asserting error in the judgment of nonsuit the plaintiffs pose this question: "Does the lease by its terms constitute the lessee an agent of the lessors for the purpose of improving the premises to the extent expressly provided in the lease?" The question concedes that it is upon this theory, if at all, they are entitled to recover.

The statute, C. S., 2433, is plain and unambiguous. "Every building built . . . shall be subject to a lien for the payment of all debts contracted for work done on the same, or materials furnished."

In order to create a lien in favor of a person who builds a house upon the land of another the circumstances must be such as to first create the relationship of debtor and creditor, and then it is for the debt that he has a lien. The lien does not exist without a contract. *Wilkie v. Bray,* 71 N. C., 205; *Lester v. Houston,* 101 N. C., 605; *Boone v. Chatfield,* 118 N. C., 916; *Weathers v. Borders,* 124 N. C., 610; *Weathers v. Cox,* 159 N. C., 575, 76 S. E., 7; *Foundry Co. v. Aluminum Co.,* 172 N. C., 704, 90 S. E., 923; *Honeycutt v. Kenilworth Development Co.,* 199 N. C., 373, 154 S. E., 628; *Boykin v. Logan,* 203 N. C., 196, 165 S. E., 680.

"The law seems to be settled in this State that there must be a debt due from the owner of the property before there can be a lien. The debt is the principal, the basis, the foundation upon which the lien depends. The lien is but an incident, and cannot exist without the principal." *Baker v. Robbins,* 119 N. C., 289; *Bailey v. Rutjes,* 86 N. C., 517; *Boone v. Chatfield, supra.* And a debt contracted is a debt agreed to be paid. *Ball v. Paquin,* 140 N. C., 83; *Mfg. Co. v. Assurance Co.,* 161 N. C., 88, 86 S. E., 865; *Weathers v. Borders, supra; Baker v. Robbins, supra; Wilkie v. Bray, supra.*

The debt must be such as would entitle the claimant to a personal judgment for the amount due. *Weathers v. Borders, supra.*

Mere knowledge that work is being done or material furnished on one's property does not enable the person furnishing the labor or material to

obtain a lien. It takes something more than knowledge that work is being done on the property to create a lien. Hence, plaintiffs have no cause of action unless Ward was an agent of Harris for the purpose of incurring obligations for labor and material used in the construction of the building in question.

It is accepted law that the relationship of lessor and lessee is not that of principal and agent. The mere fact that Ward was lessee vested in him no authority to contract debts in behalf of or binding upon his lessors.

In the absence of any agreement between the parties there is no obligation on the part of the lessor to pay the lessee for improvements erected by the lessee upon the demised premises, though the improvements are such that by reason of their annexation to the freehold they become a part of the realty and cannot be moved by the lessee. 16 R. C. L., 794; *Pomeroy v. Lambeth,* 36 N. C., 65; 36 Am. Dec., 33; *Critcher v. Watson,* 146 N. C., 150, 125 A. S. R., 470; *Kutter v. Smither,* 2 Wall, 491, 17 L. Ed., 830. And, ordinarily, creditors of a tenant have no greater right to charge the land with the value of improvements made by the tenant than the tenant would have. 16 R. C. L., 795; *Pomeroy v. Lambeth, supra.*

Unless the lessors "were originally liable by reason of a contract of some sort, they cannot be made so because of their having resumed possession of the premises, with its improvements, upon the surrender of their tenant." *Bailey v. Rutjes, supra; Critcher v. Watson, supra.*

Does the contract of lease, by its terms, vest Ward with authority to bind the lessor by his contract for labor and material furnished in the erection of the building? The answer is no.

Under the terms of the contract the construction of the building was a part of the rental to be paid for the use of the premises—a part to be paid in advance. Primarily the building was to be erected for the use and benefit of the tenant. Harris assumed no obligation in respect thereto.

The property belonged to Harris subject to the terms of the lease. It was his privilege to reserve the right to approve the plans and specifications for new buildings to be erected on the premises by the lessee. In so doing he assumed no liability for the costs thereof.

Plaintiffs had no contract with Harris. They did the work under contract with Ward with the understanding that it was to be charged to him. If they were unwilling to do the work and furnish the material upon his credit and intended to look to the security provided by statute, ordinary prudence required that they exercise that degree of diligence which would enable them to ascertain the status of the title to the land upon which the building was to be erected and to obtain the approval or

procurement of the owners. Their loss must be attributed to their failure so to do.

The defendants Harris had leased the premises to Ward for five years and Ward had undertaken to have the improvements made which called for the use of the labor and material furnished by the plaintiffs. They were, therefore, absolutely without the power either to give or to withhold their sanction to its delivery and use and ought not to be required to pay for it, unless they knew, or had reason to believe, that the plaintiffs were looking to them for their pay and allowed them to proceed under that expectation without objection. The record is devoid of any evidence tending to show that plaintiffs knew the defendants Harris in the transaction or looked to them for pay or that said defendants permitted them to proceed under that expectation. Hence, there is no debt due by the defendants Harris to the plaintiff such as is necessary to support a claim of lien under the statute.

The judgment below is

Affirmed.