DOWD H. PRICE FIXTURE COMPANY v. FLOWERS AND MONROE, INC., HORACE M. FLOWERS, WILLIAM K. MONROE, JR., AND JAMES N. BRITT, JR.

No. 7026DC277

(Filed 5 August 1970)

1. **Pleadings § 25— demurrer for misjoinder of parties and causes**

    Where complaint alleged an obligation by the individual defendants and the assumption of this obligation by the corporate defendant, the trial court erred in sustaining the demurrer of the corporate and individual defendants because of misjoinder of causes and parties.

2. **Landlord and Tenant § 7— improvements by lessees — liabilities of owner for payment**

    Mere knowledge by the owner that his lessee is causing improvements to be made to the property does not obligate the owner to the person furnishing the labor or materials, absent evidence that the owner allowed the improvements to be made after having reason to believe that such person was looking to him for payments.

APPEAL by plaintiff from *Stukes, District Judge,* 11 December 1969 Civil Session, MECKLENBURG County District Court.

This is an action to recover an unpaid balance of $3,090.23 due for certain cabinet fixtures which were installed by plaintiff pursuant to a contract which called for the payment of a total of $22,000.00. The defendants are James N. Britt, Jr., the building owner, Horace M. Flowers and William K. Monroe, Jr., as individuals and Flowers and Monroe, Inc., a corporation. Defendant Britt, the owner of the building in which the fixtures were installed, demurred on the ground that the complaint

failed to state a cause of action against him. His demurrer was sustained. The court sustained the demurrer of the remaining defendants because of misjoinder of parties and causes of action. From judgments sustaining each of the demurrers, plaintiff appeals.

*William D. McNaull, Jr., for plaintiff appellant.*

*Ervin, Horack and McCartha and Lee and Lee by W. Osborne Lee, Jr., for defendant appellee Flowers and Monroe, Inc.*

*McLean, Stacy, Henry and McLean by Everett L. Henry for defendant appellees Horace M. Flowers and William K. Monroe, Jr.*

*L. J. Britt and Son and Haynes and Baucom by Lloyd F. Baucom for defendant appellee Britt.*

VAUGHN, J.

[1] The judgments appealed from were entered on 11 December 1969, prior to the effective date of the repeal of Articles 12, 13 and 14 of Chapter 1 of the General Statutes of North Carolina. In view of the repeal of these statutes which formerly governed complaints, answers and demurrers, we do not deem it necessary to review them in order to dispose of the present case. It suffices to say that the trial court erred in sustaining the demurrer of the corporate defendant Flowers and Monroe, Inc., and Horace M. Flowers and William K. Monroe, Jr., individual defendants, because of misjoinder of causes and parties. Among other things the complaint alleges an obligation by the individual defendants and the assumption of this obligation by corporate defendant.

[2] Even when we give the complaint its most liberal construction, no cause of action is stated against defendant Britt. In effect plaintiff alleges that Britt was the owner of the building and knew plaintiff was making the improvements at the instance of the other defendants. Mere knowledge by the owner that his lessee is causing improvements to be made to the property does not obligate the owner to the person furnishing the labor or materials, absent evidence that the owner allowed the improvements to be made after having reason to believe that such person was looking to him for payments. *Air Conditioning*

---

---

*Co. v. Douglass,* 241 N.C. 170, 84 S.E. 2d 828; *Brown v. Ward,* 221 N.C. 344, 20 S.E. 2d 324.

The judgment of the district court is affirmed as to James N. Britt, Jr., and is reversed as to defendants Flowers and Monroe, Inc., Horace M. Flowers and William K. Monroe.

Affirmed in part.

Reversed in part.

CAMPBELL and BRITT, JJ., concur.