JOE K. MACE, D/B/A JOE K. MACE PLUMBING COMPANY, Plaintiff v. BRYANT CONSTRUCTION CORPORATION: V-Z TOP, Ltd. and its general partner, DAVID H. HEAD; JACK E. BRYANT, INC., Defendants; GREAT AMERICAN MORTGAGE INVESTORS; GREAT AMERICAN MANAGEMENT & INVESTMENT; GREAT AMERICAN PROPERTIES— GEORGIA, INC.; MOR PROP, INCORPORATED; INTERMONT, INC.; JAMES P. FURNISS, Trustee; ALEXANDER R. MEHRAN, Trustee; RICHARD T. RODGERS, Trustee, Additional Defendants and GREAT AMERICAN MORTGAGE INVESTORS; GREAT AMERCIAN MANAGEMENT & INVESTMENT; and GREAT AMERICAN PROPERTIES — GEORGIA, INC. Third Party Plaintiffs v. LAWYERS TITLE INSURANCE CORPORATION and SOUTHERN TITLE INSURANCE COMPANY, Third Party Defendants

No. 7930SC248

(Filed 19 August 1980)

1. **Laborers and Materialmen's Liens § 3– general contractor's waiver of right to file lien – no lien of subcontractor**

    There was no genuine issue of material fact as to plaintiff subcontractor's claim to a lien on land pursuant to G.S. 44A-23, since, long before plaintiff filed any claim of lien, the general contractor waived its right to file a materialmen's lien against the property; plaintiff as subrogee had no greater rights than the general contractor to whom he was subrogated; and plaintiff therefore had no right to a lien on the realty.

Mace v. Construction Corp.

2. **Laborers' and Materialmen's Liens § 3– no money owed general contractor – no abandonment of contract – no lien of subcontractor**

There was no material issue of fact as to plaintiff subcontractor's claim to a lien upon funds owed to the general contractor under G.S. 44A-18(1) where plaintiff made no showing in opposition to the verified statement of the owner and the general contractor that no funds were owed to the general contractor for work actually performed as of the date the general contractor and owner received notice of plaintiff's claim of lien, and plaintiff made no showing that the general contractor abandoned its contract after that date, thereby depriving plaintiff of sums which became due.

3. **Fraudulent Conveyances § 2– subcontractor not entitled to lien – no standing to attack conveyance as fradudulent**

The trial court properly granted summary judgment for defendants on plaintiff subcontractor's claim that the conveyance of land on which he claimed a lien was fraudulent as to plaintiff as a creditor, since plaintiff was not entitled to a lien on the property; plaintiff had no privity of contract with defendant owners; and plaintiff, a mere stranger, therefore had no legal standing to attack the conveyance as fraudulent.

APPEAL by plaintiff from *Thornburg, Judge.* Judgment signed 4 December 1978 in Superior Court, MACON County. Heard in the Court of Appeals 12 November 1979.

This civil action was commenced on 30 December 1974 by plaintiff Mace against defendants Bryant Construction Corporation, V-Z Top, Ltd. and Jack E. Bryant, Inc. to recover amounts due under a construction contract and to enforce a labor lien. In his complaint plaintiff alleged the following: On or about 11 April 1973 plaintiff entered into two contracts with defendant Bryant Construction Corporation (Bryant Construction) to perform plumbing services on a job site on which Bryant Construction was the general contractor. Defendants V-Z Top, Ltd. and Jack E. Bryant, Inc. were the owners of the real property being improved. On that date plaintiff began furnishing labor and materials to the job site in Macon County and continued to do so "through the month of June 1974, and thereafter." On 26 August 1974 plaintiff filed a notice of claim of lien in the office of the Clerk of Superior Court in Macon County, the county in which the subject real property was located. Plaintiff performed his obligations under the contracts with Bryant Construction, the general contractor, but the amount of $20,213.99 was still due and owing to him from defendants. Plaintiff prayed that he recover the amount of $20,213.99 plus

interest and that the judgment be declared a lien on any funds owed or paid by defendant real property owners to Bryant Construction and on the assets of the defendants.

Between the time of filing of the complaint and 13 January 1977 when defendants filed answer, several conveyances of the subject real property took place. On 1 April 1974 V-Z Top, Ltd. had already conveyed its right, title and interest in the property to Jack E. Bryant, Inc., and on 16 July 1975, defendant Jack E. Bryant, Inc. conveyed the property to Great American Properties-Georgia, Inc. (GAP-Ga.). On 23 April 1976 GAP-Ga. conveyed the same property to Mor Prop, Incorporated, a wholly-owned subsidiary of Morgan Guaranty Trust Company. After the defendants filed answer on 13 January 1977, the property was conveyed by Mor Prop, Inc. to Intermont, Inc., on 26 May 1977.

On 13 January 1977 defendants filed answers in which they denied the material allegations of plaintiff's complaint. Defendant Bryant Construction alleged as a defense that plaintiff Mace abandoned performance of work on the job site causing defendant to suffer damages in the amount of $3,062.14, which amount defendant claimed it was entitled to recover.

On 19 July 1977 defendants V-Z Top, Ltd. and Jack E. Bryant, Inc. moved for judgment on the pleadings on the grounds that the complaint failed to allege any contract between plaintiff and defendant owners so as to render them liable. The motion was denied and, thereafter, plaintiff Mace filed an amended complaint with leave of court, in which he incorporated the allegations of the original complaint and alleged the existence of a contract between defendant Bryant Construction and defendant property owners for the improvement of the real property which was the subject of plaintiff's contract with defendant Bryant Construction. In his amended complaint plaintiff Mace alleged that Bryant Construction had abandoned its work as general contractor prior to completion of its contract with defendant owners, and that the value of the remaining contract constituted "funds" within the meaning of Chapter 44A of the General Statutes such that the release of the contract by defendant owners rendered them personally

Mace v. Construction Corp.

liable. Plaintiff, as a subcontractor within the meaning of Chapter 44A of the General Statutes, sought a lien on the real property by virtue of subrogation to the lien of the general contractor to the extent of the amount owed by the general contractor to Mace, and also by virtue of the personal liability of defendant owners to plaintiff.

Plaintiff Mace stated an additional claim against defendants to have the 1975 conveyance of the subject real property from defendant owners to GAP-Ga. canceled and set aside on the grounds that it was without consideration and constituted a preference against creditors.

On 6 September 1977 plaintiff Mace filed a complaint joining as additional parties defendant, Great American Mortgage Investors (later Great American Management and Investment (GAMI)), as mortgagee of the property; and GAP-Ga. and Intermont, Inc., as owners of the improved realty subsequent to the original defendant owners. In addition, plaintiff joined the trustees under a deed of trust executed by the original defendant owners to GAMI on 17 April 1973 and the trustee under a purchase money deed of trust dated 6 May 1977 and executed by Intermont, Inc. securing a debt of $392,500.00 to Mor Prop, Inc.

The original defendants answered the amended complaint, admitting the contracts between plaintiff and defendant Bryant Construction and between Bryant Construction and owners Jack E. Bryant, Inc. and V-Z Top, Ltd. for the improvement of the Macon County property, and admitting the performance of work on the property by Bryant Construction during the summer of 1974, but denying the allegations upon which plaintiff's claims for a lien on the real property was based. In their answer, defendants GAMI, GAP-Ga., and the trustee under GAMI's deed of trust also denied the material allegations on plaintiff's amended complaint. Defendants Intermont, Inc. and the trustee under Intermont's deed of trust to Mor Prop, Inc. denied plaintiff's allegations that the conveyance from Jack E. Bryant, Inc. to GAP-Ga., its predecessor in interest, was fraudulent, and alleged that if that conveyance was fraudulent, Intermont was a purchaser for value and without notice.

Thereafter, on 12 April 1978 defendants GAP-Ga., and GAMI filed a third-party complaint against Lawyers Title Insurance Corporation and Southern Title Insurance Company to recover the amount of an indemnity deposit which GAMI had given to Lawyers Title prior to the 23 April 1976 conveyance from GAP-Ga. to Mor Prop, Inc. to cover potential liability for plaintiff Mace's claim of lien. Southern Title had originally issued a mortgagee's title insurance policy to GAMI on 20 April 1973 to insure the lien of GAMI's deed of trust. After the filing of the third-party complaint, Lawyers Title deposited the amount of the indemnity deposit, $25,208.00, with the Clerk of Court of Macon County pending the resolution of plaintiff's suit.

On 12 July 1978 defendants Intermont, Inc. and the trustee of its deed of trust to Mor Prop, Inc. moved for partial summary judgment on the grounds that they were entitled to judgment as a matter of law on plaintiff Mace's fraudulent conveyance claim. On 21 November 1978, GAMI, GAP-Ga., and Southern Title filed a motion for summary judgment on the grounds that they were entitled to judgment as a matter of law on plaintiff Mace's claim to a lien on the improved realty and on plaintiff's fraudulent conveyance claim. In support of their motion, those defendants submitted an affidavit signed on 17 April 1973 by the general partner of V-Z Top, Ltd. and the president of Jack E. Bryan, Inc. and Bryant Construction in which Bryant Construction waived its right to file a claim of lien against the subject property.

Following a hearing on the motions of Intermont, Inc. and of GAMI, GAP-Ga., and Southern Title, the trial judge entered an order concluding that there was no genuine issue of material fact on the issue of plaintiff Mace's claim to a statutory lien on the real property under Chapter 44A of theGeneral Statutes or on the issue of plaintiff's fraudulent conveyance claim, and that defendants were entitled to summary judgment on each issue as a matter of law. The trial court further found that there was "no just reason for delaying entry of final judgment" on these two issues and ordered that the clerk of court release to Lawyers Title and GAMI jointly the amount of the indemnity deposit. From summary judgment in favor of defendants on his claim to a lien on real property and on his claim of fraudulent conveyance, plaintiff Mace appealed.

*Jones, Jones & Key, P.A. by Richard Melvin for plaintiff appellant.*

*Siler & Philo, P.A. by Steven E. Philo; Bennett, Kelly & Cagle, P.A. by E. Glenn Kelly for defendant appellees Great American Mortgage Investors, Great American Management and Investment, Great American Properties-Georgia, Inc. and Southern Title Insurance Company.*

*Rodgers, Cabler & Henson by J. Edwin Henson for defendant appellees Intermont, Inc. and Lawyers Title Insurance Corporation.*

PARKER, Judge.

We note at the outset that although the summary judgment adjudicated fewer than all of the claims involved in this suit, the trial court found that "there [was] no just reason for delaying entry of final judgment" on the lien claim or the fraudulent conveyance claim. The judgment was final as to those claims and immediate right of appeal lies therefrom. G.S. 1A-1, Rule 54(b); *see Oestreicher v. Stores*, 290 N.C. 118, 225 S.E. 2d 797 (1976).

It is well established that, upon a motion for summary judgment, the movant "has the burden of showing that there is no triable issue of fact and that movant is entitled to judgment as a matter of law." *Pitts v. Pizza, Inc.*, 296 N.C. 81, 86, 249 S.E. 2d 375, 378 (1978). The nonmovant does not bear the burden of coming forward with evidentiary material in support of his claim until the movant has offered evidence which negates that claim. *Butler v. Berkeley*, 25 N.C. App. 325, 213 S.E. 2d 571 (1975). Applying these principles to the present case, we hold that the trial court did not err in concluding as a matter of law that plaintiff was not entitled to a lien on the improved real property.

Article 2 of Chapter 44A of the General Statues grants to mechanics, laborers, and materialmen certain liens upon their compliance with the procedures defined in the Article. Within the statutory scheme of Article 2, defendant Bryant Construc-

Mace v. Construction Corp.

tion, having entered into a contract for the improvement of real property with the property owners (then V-Z Top, Ltd. and Jack E. Bryant, Inc.), is a "contractor," G.S. 44A-17(1), and plaintiff Mace, having entered into a contract with the "contractor" for the improvement of the same realty, is a "first tier subcontractor." G.S. 44A-17(2). Because we hold that summary judgment was properly entered on the grounds that plaintiff Mace had no substantive right to a lien upon the real property, we do not consider the questions raised by the parties on this appeal as to whether the procedural requirements of Chapter 44A were met. Under Article 2 of Chapter 44A, a lien upon real property may arise either directly or by subrogation in favor of a first tier subcontractor who furnishes labor or materials at a job site. G.S. 44A-23 provides in pertinent part as follows:

> A first, second or third tier subcontractor, who gives notice as provided in this Article, may, to the extent of his claim, enforce the lien of the contractor created by Part 1 of Article 2 of this Chapter ... Upon the filing of the notice and claim of lien and the commencement of the action, no action of the contractor shall be effective to prejudice the rights of the subcontractor without his written consent.

This statute grants to a first tier subcontractor a lien upon improved real property based upon a right of subrogation to the direct lien of the general contractor on the improved real property as provided for in G.S. 44A-8. Because the subcontractor is entitled to a lien under G.S. 44A-23 only by way of subrogation, his lien rights are dependent upon the lien rights of the general contractor. *See* Urban & Miles, "Mechanics' Liens for the Improvement of Real Property: Recent Developments in Perfection, Enforcement and Priority." 12 Wake For. L. Rev. 283 374-376 (1976). Thus, if the general contractor has no right to a lien, the first tier sucbontractor likewise has no such right. As the language of G.S. 44A-23 indicates, no action of the contractor will be effective to prejudice the rights of the subcontractor without his written consent "[u]pon the filing of the notice and claim of lien and the commencement of the action." Prior to that time, however, the general contractor is free to waive its lien rights and to bar effectively the subcontractor's rights by way of subrogation.

[1]  Applying these principles in the present case, we hold that there is no genuine issue of material fact as to plaintiff's cliam to a lien on the land pursuant to G.S. 44A-23. In support of their motion for summary judgment, the moving defendants submitted a document entitled "Owner's and Contractor's Affidavit." That affidavit was executed on 17 April 1973, long before plaintiff filed any claim of lien, for the purpose of inducing defendant GAMI to loan funds to finance the development of the real property at issue. In that affidavit Jack E. Bryant, as president of Bryant Construction, expressly waived Bryant Construction's right, as general contractor, to file a materialman's lien against the property. Plaintiff Mace, as subrogee, has no greater right than the party to whom he is subrogated. *Montsinger v. White*, 240 N.C. 441, 82 S.E. 2d 362 (1954); *Dowdy v. R.R.*, 237 N.C. 519, 75 S.E. 2d 639 (1953). Thus, by virtue of the general contractor's waiver, plaintiff has no right to a lien on the realty pursuant to G.S. 44A-23

Apart from the lien rights afforded by G.S. 44A-23, a lien upon realty may arise directly in favor of a first tier subcontractor under G.S. 44A-18(1) and G.S. 44A-20. The right to such a lien, unlike the right to a lien under G.S. 44A-23, may arise without regard to whether the general contractor has waived its own lien rights. G.S. 44A-18(1) provides that a first tier subcontractor who furnishes labor or materials at a job site is entitled to a "lien upon funds which are owed [by the owner of the improved real property] to the contractor with whom the first tier subcontractor dealt." Once the first tier subcontractor gives notice of his claim of lien upon funds to the owner, the owner is thereafter "under a duty to retain any funds subject to the lien or liens under [Article 2 of Chapter 44A] up to the total amount of such liens as to which notice has been received." G.S. 44A-20(a). Under G.S. 44A-20(b) and (d), the first tier subcontractor lien claimant may thereafter acquire a lien upon the improved real property by virtue of the property owner's wrongful payment after receiving notice. Those provisions read in part as follows:

(b) If, after the receipt of the notice to the obligor, the obligor shall make further payments to a contractor or subcontractor against whose interest the lien or liens are

claimed, the lien shall continue upon the funds in the hands of the contractor or subcontractor who received the payment, and in addition the obligor shall be personally liable to the person or persons entitled to liens up to the amount of such wrongful payments, not exceeding the total claims with respect to which the notice was received prior to payment.

*   *   *   *   *

(d) If the obligor is an owner of the property being improved, the lien claimant shall be entitled to a lien upon the interest of the obligor in the real property to the extent of the owner's personal liability under subsection (b) . . . .

[2] The initial questions raised with respect to G.S. 44A-18 and G.S. 44A-20 in the present case, therefore, are whether plaintiff Mace was entitled to a lien upon funds owed by the owners of the improved property to Bryant Construction, the general contractor and, if so, whether the owners wrongfully paid out funds to Bryant Construction after receiving notice of plaintiff's claim of lien such that a lien on the real property arose in favor of plaintiff to the extent of those payments under G.S. 44A-20(b) and (d). The record discloses that plaintiff Mace filed a claim of lien in the office of the Clerk of Superior Court in Macon County on 26 August 1974, but that notice of the claim of lien was not given to the original owner defendants until 4 October 1974. After defendants Jack E. Bryant, Inc. and V-Z Top, Ltd. received notice on 4 October 1974, G.S. 44A-20(a) imposed upon them the duty to retain any funds owed to Bryant Construction, the general contractor, up to the amount of the claimed lien, $20,213.99. If no funds were due on that date and no funds thereafter became due, no duty would be imposed upon the owners by G.S. 44A-20, and no lien upon the land could arise in plaintiff's favor. *See Builders Supply v. Bedros*, 32 N.C. App. 209, 231 S.E. 2d 199 (1977).

The materials before the court upon the defendants' motion for summary judgment included "admissions" filed by the original defendant owners in response to a "request for admissions" filed by codefendants GAMI, GAP-Ga., and the other

defendants to the effect that no funds were owed to Bryant Construction on 4 October 1974, the date notice of claim of lien was given. Although G.S. 1A-1 Rule 36(b) provides that admissions pursuant to a request for admissions under Rule 36(a) conclusively establish the facts admitted, that rule is inapplicable in the present case. The request for admissions was made to the original defendant property owners by their codefendants. Rule 36 was clearly not intended to permit codefendants who admit facts as between themselves to bind the plaintiff, the adverse party, to those facts as admitted. However, treating the admissions signed by the original defendant owners' attorney of record and verified on personal knowledge by Jack E. Bryant, president of Bryant Construction, as an affidavit, we conclude that it was appropriate for the court to consider it upon defendants' motion for summary judgment. G.S. 1A-1, Rule 56(e). In light of this affidavit, plaintiff Mace, as the party opposing the summary judgment motion, was required to "come forward with facts, not mere allegations, which controvert[ed] the facts set forth in the moving party's case." *Conner Co. v. Spanish Inns,* 294 N.C. 661, 675, 242 S.E. 2d 785, 793 (1978). This he failed to do.

Further, it is undisputed that because of Bryant Construction's abandonment of the contract, no funds could have become due after 4 October 1974 to which plaintiff's lien could have attached. Plaintiff contends, however, that because the record shows that Bryant Construction, the general contractor, is a wholly-owned subsidiary of Jack E. Bryant, Inc., one of the original property owners, he is entitled to a lien upon funds which would have become due to Bryant Construction had the parent not directed its subsidiary to abandon the contract. This contention is without merit. The first tier subcontractor's lien upon funds contemplated by G.S. 44A-18(1) is a lien upon funds "which *are owed,*" and not upon funds which *might have been owed* had the contract been completed. (Emphasis added.)

In the absence of any showing by plaintiff in opposition to the verified statement of Jack E. Bryant, Inc. and Bryant Construction that no funds were owed to Bryant Construction for work actually performed as of 4 October 1974 or of any showing that Bryant Construction abandoned its contract after that

date, thereby depriving plaintiff of sums which became due, no material issue of fact existed to be resolved at trial upon plaintiff's claim to a lien upon funds owed to the general contractor under G.S. 44A-18(1). Without any claim to a lien upon funds owed, plaintiff can claim no lien upon the real property, G.S. 44A-20(d), since the existence of a lien upon the realty granted by G.S. 44A-20(d) is dependent upon the existence of a valid lien upon funds. *Builders Supply v. Bedros, supra.*

[3] The final question presented on this appeal is whether the court erred in granting summary judgment on plaintiff's claim that the conveyance from Jack E. Bryant, Inc. to GAP-Ga. on 16 July 1975 was fraudulent as to plaintiff as a creditor. Because of our determination that plaintiff was not entitled either to a lien upon funds under G.S. 44A-18, since none were owing or paid on or after 4 October 1974, or to a lien by way of subrogation under G.S. 44A-23, it is clear that entry of summary judgment was proper. The undisputed facts show that plaintiff entered into a contract with Bryant Construction and that Bryant Construction had a contract with the owners of the Macon County property. Any right which plaintiff had to claim an interest in the real property of defendant owners which could have been affected by the conveyance arose solely from the provisions of Chapter 44A. Absent the benefit of the provisions of that Chapter which would create a special debtor-creditor relationship between him and the owners, *see Foundry Co. v. Aluminum Co.,* 172 N.C. 704, 90 S.E. 923 (1916) (decided under prior lien law), and absent any privity of contract with the owners, *Wilkie v. Bray,* 71 N.C. 205 (1874), plaintiff, a mere stranger, has no legal standing to attack the conveyance as fraudulent.

For the reasons stated, summary judgment entered in favor of defendants on plaintiff's claim to a lien on real property and on his claim of fraudulent conveyance is affirmed.

Affirmed

Chief Judge MORRIS and Judge ERWIN concur.