269 S.E.2d 191 (1980)
48 N.C. App. 297
Joe K. MACE, d/b/a Joe K. Mace Plumbing Company, Plaintiff,
v.
BRYANT CONSTRUCTION CORPORATION; V-Z Top, Ltd. and its general partner, David H. Head; Jack E. Bryant, Inc., Defendants,
Great American Mortgage Investors; Great American Management & Investment; Great American Properties Georgia, Inc.; Mor Prop, Incorporated; Intermont, Inc.; James P. Furniss, Trustee; Alexander R. Mehran, Trustee; Richard T. Rodgers, Trustee, Additional Defendants, and
GREAT AMERICAN MORTGAGE INVESTORS; Great American Management & Investment; and Great American PropertiesGeorgia, Inc., Third Party Plaintiffs,
v.
LAWYERS TITLE INSURANCE CORPORATION and Southern Title Insurance Company, Third Party Defendants.
No. 7930SC248.
Court of Appeals of North Carolina.
August 19, 1980.
*194 Jones, Jones & Key, P. A. by Richard Melvin, Franklin, for plaintiff-appellant.
Siler & Philo, P. A. by Steven E. Philo, Franklin, Bennett, Kelly & Cagle, P. A. by E. Glenn Kelly, Asheville, for defendants-appellees Great American Mortgage Investors, Great American Management and Investment, Great American Properties-Georgia, Inc. and Southern Title Insurance Company.
Rodgers, Cabler & Henson by J. Edwin Henson, Highlands, for defendants-appellees Intermont, Inc. and Lawyers Title Insurance Corporation.
PARKER, Judge.
We note at the outset that although the summary judgment adjudicated fewer than all of the claims involved in this suit, the trial court found that "there [was] no just reason for delaying entry of final judgment" on the lien claim or the fraudulent conveyance claim. The judgment was final as to those claims and immediate right of appeal lies therefrom. G.S. 1A-1, Rule 54(b); see Oestreicher v. Stores, 290 N.C. 118, 225 S.E.2d 797 (1976).
It is well established that, upon a motion for summary judgment, the movant "has the burden of showing that there is no triable issue of fact and that movant is entitled to judgment as a matter of law." Pitts v. Pizza, Inc., 296 N.C. 81, 86, 249 S.E.2d 375, 378 (1978). The nonmovant does not bear the burden of coming forward with evidentiary material in support of his claim until the movant has offered evidence which negates that claim. Butler v. Berkeley, 25 N.C.App. 325, 213 S.E.2d 571 (1975). Applying these principles to the present case, we hold that the trial court did not err in concluding as a matter of law that plaintiff was not entitled to a lien on the improved real property.
Article 2 of Chapter 44A of the General Statutes grants to mechanics, laborers, and materialmen certain liens upon their compliance with the procedures defined in the Article. Within the statutory scheme of Article 2, defendant Bryant Construction, having entered into a contract for the improvement of real property with the property owners (then V-Z Top, Ltd. and Jack E. Bryant, Inc.), is a "contractor," G.S. 44A-17(1), and plaintiff Mace, having entered into a contract with the "contractor" for the improvement of the same realty, is a "first tier subcontractor." G.S. 44A-17(2). Because we hold that summary judgment was properly entered on the grounds that plaintiff Mace had no substantive right to a lien upon the real property, we do not consider the questions raised by the parties on this appeal as to whether the procedural requirements of Chapter 44A were met. Under Article 2 of Chapter 44A, a lien upon real property may arise either directly or by subrogation in favor of a first tier subcontractor who furnishes labor or materials at a job site. G.S. 44A-23 provides in pertinent part as follows:
A first, second or third tier subcontractor, who gives notice as provided in this Article, may, to the extent of his claim, enforce the lien of the contractor created by Part 1 of Article 2 of this Chapter. . . Upon the filing of the notice and claim of lien and the commencement of the action, no action of the contractor shall be effective to prejudice the rights of the subcontractor without his written consent.
This statute grants to a first tier subcontractor a lien upon improved real property based upon a right of subrogation to the direct lien of the general contractor on the improved real property as provided for in G.S. 44A-8. Because the subcontractor is entitled to a lien under G.S. 44A-23 only by *195 way of subrogation, his lien rights are dependent upon the lien rights of the general contractor. See Urban & Miles, "Mechanics' Liens for the Improvement of Real Property: Recent Developments in Perfection, Enforcement and Priority." 12 Wake For.L.Rev. 283, 374-376 (1976). Thus, if the general contractor has no right to a lien, the first tier subcontractor likewise has no such right. As the language of G.S. 44A-23 indicates, no action of the contractor will be effective to prejudice the rights of the subcontractor without his written consent "[u]pon the filing of the notice and claim of lien and the commencement of the action." Prior to that time, however, the general contractor is free to waive its lien rights and to bar effectively the subcontractor's rights by way of subrogation.
Applying these principles in the present case, we hold that there is no genuine issue of material fact as to plaintiff's claim to a lien on the land pursuant to G.S. 44A-23. In support of their motion for summary judgment, the moving defendants submitted a document entitled "Owner's and Contractor's Affidavit." That affidavit was executed on 17 April 1973, long before plaintiff filed any claim of lien, for the purpose of inducing defendant GAMI to loan funds to finance the development of the real property at issue. In that affidavit Jack E. Bryant, as president of Bryant Construction, expressly waived Bryant Construction's right, as general contractor, to file a materialman's lien against the property. Plaintiff Mace, as subrogee, has no greater rights than the party to whom he is subrogated. Montsinger v. White, 240 N.C. 441, 82 S.E.2d 362 (1954); Dowdy v. R.R., 237 N.C. 519, 75 S.E.2d 639 (1953). Thus, by virtue of the general contractor's waiver, plaintiff has no right to a lien on the realty pursuant to G.S. 44A-23.
Apart from the lien rights afforded by G.S. 44A-23, a lien upon realty may arise directly in favor of a first tier subcontractor under G.S. 44A-18(1) and G.S. 44A-20. The right to such a lien, unlike the right to a lien under G.S. 44A-23, may arise without regard to whether the general contractor has waived its own lien rights. G.S. 44A-18(1) provides that a first tier subcontractor who furnishes labor or materials at a job site is entitled to a "lien upon funds which are owed [by the owner of the improved real property] to the contractor with whom the first tier subcontractor dealt." Once the first tier subcontractor gives notice of his claim of lien upon funds to the owner, the owner is thereafter "under a duty to retain any funds subject to the lien or liens under [Article 2 of Chapter 44A] up to the total amount of such liens as to which notice has been received." G.S. 44A-20(a). Under G.S. 44A-20(b) and (d), the first tier subcontractor lien claimant may thereafter acquire a lien upon the improved real property by virtue of the property owner's wrongful payment after receiving notice. Those provisions read in part as follows:
(b) If, after the receipt of the notice to the obligor, the obligor shall make further payments to a contractor or subcontractor against whose interest the lien or liens are claimed, the lien shall continue upon the funds in the hands of the contractor or subcontractor who received the payment, and in addition the obligor shall be personally liable to the person or persons entitled to liens up to the amount of such wrongful payments, not exceeding the total claims with respect to which the notice was received prior to payment.
* * * * * *
(d) If the obligor is an owner of the property being improved, the lien claimant shall be entitled to a lien upon the interest of the obligor in the real property to the extent of the owner's personal liability under subsection (b) . . . .
The initial questions raised with respect to G.S. 44A-18 and G.S. 44A-20 in the present case, therefore, are whether plaintiff Mace was entitled to a lien upon funds owed by the owners of the improved property to Bryant Construction, the general contractor and, if so, whether the owners wrongfully paid out funds to Bryant Construction after receiving notice of plaintiff's claim of lien such that a lien on the real *196 property arose in favor of plaintiff to the extent of those payments under G.S. 44A-20(b) and (d). The record discloses that plaintiff Mace filed a claim of lien in the office of the Clerk of Superior Court in Macon County on 26 August 1974, but that notice of the claim of lien was not given to the original owner defendants until 4 October 1974. After defendants Jack E. Bryant, Inc. and V-Z Top, Ltd. received notice on 4 October 1974, G.S. 44A-20(a) imposed upon them the duty to retain any funds owed to Bryant Construction, the general contractor, up to the amount of the claimed lien, $20,213.99. If no funds were due on that date and no funds thereafter became due, no duty would be imposed upon the owners by G.S. 44A-20, and no lien upon the land could arise in plaintiff's favor. See Builders Supply v. Bedros, 32 N.C.App. 209, 231 S.E.2d 199 (1977).
The materials before the court upon the defendants' motion for summary judgment included "admissions" filed by the original defendant owners in response to a "request for admissions" filed by codefendants GAMI, GAP-Ga., and the other defendants to the effect that no funds were owed to Bryant Construction on 4 October 1974, the date notice of claim of lien was given. Although G.S. 1A-1, Rule 36(b) provides that admissions pursuant to a request for admissions under Rule 36(a) conclusively establish the facts admitted, that rule is inapplicable in the present case. The request for admissions was made to the original defendant property owners by their codefendants. Rule 36 was clearly not intended to permit codefendants who admit facts as between themselves to bind the plaintiff, the adverse party, to those facts as admitted. However, treating the admissions signed by the original defendant owners' attorney of record and verified on personal knowledge by Jack E. Bryant, president of Bryant Construction, as an affidavit, we conclude that it was appropriate for the court to consider it upon defendants' motion for summary judgment. G.S. 1A-1, Rule 56(e). In light of this affidavit, plaintiff Mace, as the party opposing the summary judgment motion, was required to "come forward with facts, not mere allegations, which controvert[ed] the facts set forth in the moving party's case." Conner Co. v. Spanish Inns, 294 N.C. 661, 675, 242 S.E.2d 785, 793 (1978). This he failed to do.
Further, it is undisputed that because of Bryant Construction's abandonment of the contract, no funds could have become due after 4 October 1974 to which plaintiff's lien could have attached. Plaintiff contends, however, that because the record shows that Bryant Construction, the general contractor, is a wholly-owned subsidiary of Jack E. Bryant, Inc., one of the original property owners, he is entitled to a lien upon funds which would have become due to Bryant Construction had the parent not directed its subsidiary to abandon the contract. This contention is without merit. The first tier subcontractor's lien upon funds contemplated by G.S. 44A-18(1) is a lien upon funds "which are owed," and not upon funds which might have been owed had the contract been completed. (Emphasis added.)
In the absence of any showing by plaintiff in opposition to the verified statement of Jack E. Bryant, Inc. and Bryant Construction that no funds were owed to Bryant Construction for work actually performed as of 4 October 1974 or of any showing that Bryant Construction abandoned its contract after that date, thereby depriving plaintiff of sums which became due, no material issue of fact existed to be resolved at trial upon plaintiff's claim to a lien upon funds owed to the general contractor under G.S. 44A-18(1). Without any claim to a lien upon funds owed, plaintiff can claim no lien upon the real property, G.S. 44A-20(d), since the existence of a lien upon the realty granted by G.S. 44A-20(d) is dependent upon the existence of a valid lien upon funds. Builders Supply v. Bedros, supra.
The final question presented on this appeal is whether the court erred in granting summary judgment on plaintiff's claim that the conveyance from Jack E. Bryant, Inc. to GAP-Ga. on 16 July 1975 was fraudulent *197 as to plaintiff as a creditor. Because of our determination that plaintiff was not entitled either to a lien upon funds under G.S. 44A-18, since none were owing or paid on or after 4 October 1974, or to a lien by way of subrogation under G.S. 44A-23, it is clear that entry of summary judgment was proper. The undisputed facts show that plaintiff entered into a contract with Bryant Construction and that Bryant Construction had a contract with the owners of the Macon County property. Any right which plaintiff had to claim an interest in the real property of defendant owners which could have been effected by the conveyance arose solely from the provisions of Chapter 44A. Absent the benefit of the provisions of that Chapter which would create a special debtor-creditor relationship between him and the owners, see Foundry Co. v. Aluminum Co., 172 N.C. 704, 90 S.E. 923 (1916) (decided under prior lien law), and absent any privity of contract with the owners, Wilkie v. Bray, 71 N.C. 205 (1874), plaintiff, a mere stranger, has no legal standing to attack the conveyance as fraudulent.
For the reasons stated, summary judgment entered in favor of defendants on plaintiff's claim to a lien on real property and on his claim of fraudulent conveyance is affirmed.
AFFIRMED
MORRIS, C. J., and ERWIN, J., concur.