CON CO, INC. v. WILSON ACRES APARTMENTS, LTD., McGOWAN BUILDERS, INC., KENNEDY MORTGAGE COMPANY, FORD McGOWAN, SR., AND FORD McGOWAN, JR.

No. 813SC385

(Filed 6 April 1982)

**1. Laborers' and Materialmen's Liens § 3— subcontractor's lien by subrogation— defenses available against contractor**

　　Plaintiff subcontractor could not perfect a lien by subrogation under G.S. 44A-23 where the prime contractor had made an agreement with the landowner that it would not perfect a lien against the real property of the landowner.

**2. Laborers' and Materialmen's Liens § 3.2— claim of lien—notice to owner**

　　The fact that plaintiff first tier subcontractor did not give actual notice to the owner of a claim against the prime contractor until after it filed a claim of lien in the office of the clerk of superior court did not void the claim of lien filed in the clerk's office. G.S. 44A-20 and G.S. 44A-18.

**3. Laborers' and Materialmen's Liens § 3— mortgage lender not owner—no liability to subcontractor**

　　Defendant mortgage lender was not a person "for whom an improvement was made" or "who ordered the improvement to be made" so as to be an "owner" within the meaning of G.S. 44A-7(3) and thus an "obligor" under G.S. 44A-17; nor did defendant lender have a power coupled with an interest so as to be an agent of the owner within the meaning of G.S. 44A-7(3). Therefore, defendant lender did not become obligated to plaintiff first tier subcontractor when it advanced money to the owner after being notified of plaintiff's claim of lien against the prime contractor and the amount advanced was paid to the prime contractor.

APPEAL by plaintiff from *Rouse, Judge.* Judgments entered 23 December 1980 and 16 February 1981 in Superior Court, PITT County. Heard in the Court of Appeals 19 November 1981.

This is an action to enforce liens. The plaintiff, Con Co, Inc., is a corporation which engages in the construction business. The defendant McGowan Builders, Inc. is a corporation which contracted to build an apartment complex for Wilson Acres Apartments, Ltd., a limited partnership organized under the law of North Carolina. Kennedy Mortgage Company is a mortgage lender which financed the project. Ford McGowan and Ford McGowan, Jr. are the principal stockholders in McGowan Builders, Inc. and general partners in Wilson Acres Apartments, Ltd.

On 27 November 1979 the plaintiff filed against property owned by Wilson Acres Apartments, Ltd. in Pitt County notice of a claim of lien by a contractor and a claim of lien by a first tier subcontractor. It then filed actions to enforce the liens.

Wilson Acres Apartments, Ltd. and Kennedy Mortgage Company made motions for summary judgment. The pleadings and papers filed in regard to the motions for summary judgment show the following facts are not in dispute. McGowan Builders, Inc. is a general contractor which contracted with Wilson Acres Apartments, Ltd. to build an apartment complex on land in Pitt County owned by Wilson Acres. On 5 February 1979 the plaintiff entered into a contract with McGowan Builders, Inc. to do certain work on the project. Plaintiff performed its last work on the project on 31 August 1979. After the plaintiff had filed its notices of claims of liens, Wilson Acres Apartments, Ltd. first received actual notice of the claims when it was served with copies of the summons and complaint on 30 December 1979. Kennedy Mortgage Company first received actual notice of the claims when it was served with copies of the summons and complaint on 11 February 1980. The construction contract between McGowan Builders, Inc. and Wilson Acres Apartments, Ltd. contained a provision that McGowan would not file a lien or claim against the real estate owned by Wilson Acres.

Kennedy Mortgage Company was the construction lender for the project. After it was served with a copy of the complaint, Kennedy disbursed to Wilson Acres a sufficient sum of money to pay the claim of plaintiff which sum was paid by Wilson Acres to McGowan Builders, Inc. In its complaint the plaintiff alleged it had entered into an agreement with McGowan Builders, Inc. on 11 July 1979 providing that Ellis Morall, Inc. would complete the work of the plaintiff but McGowan Builders, Inc. had breached this contract by refusing to let Ellis Morall, Inc. complete the work. For that reason the plaintiff alleged it elected to treat the contract to let Ellis Morall, Inc. complete the work as rescinded and treat the contract of 5 February 1979 as still in full force and effect.

The court granted the motions for summary judgment by Wilson Acres Apartments, Ltd. and by Kennedy Mortgage Company. The judge found that each summary judgment was a final

judgment as to the party for whom it was allowed and there was no just reason for delay.

*Smith, Patterson, Follin, Curtis, James and Harkavy, by Norman B. Smith, for plaintiff appellant.*

*Everett and Cheatham, by Edward J. Harper, II and C. W. Everett, Sr., for defendant appellees Wilson Acres, Ltd., McGowan Builders, Inc., Ford McGowan, Sr. and Ford McGowan, Jr.*

*No counsel for Kennedy Mortgage Company.*

WEBB, Judge.

At the outset we note that this action involves multiple parties. Judge Rouse found there was no just reason for delay as to both summary judgments. The judgments are appealable pursuant to G.S. 1A-1, Rule 54(b). *See Industries, Inc. v. Insurance Co.,* 296 N.C. 486, 251 S.E. 2d 443 (1979).

[1] The facts which are not in dispute show that the plaintiff was a first tier subcontractor on the Wilson Acres apartment project. Article 2, Part 2 of Chapter 44A of the General Statutes provides for the perfecting of liens by subcontractors. A lien in favor of a subcontractor may arise either directly under G.S. 44A-18 and G.S. 44A-20 or by subrogation under G.S. 44A-23. If a subcontractor attempts to perfect a lien by subrogation, he is bound by any defenses available against the contractor. *See Mace v. Construction Corp.,* 48 N.C. App. 297, 269 S.E. 2d 191 )1980). In this case the contractor made an agreement with the landowner that it would not perfect a lien against the real estate. The plaintiff is bound by this agreement. It cannot perfect a lien by subrogation. Summary judgment was properly allowed as to the plaintiff's claim for a contractor's lien.

The waiver of the right to establish a lien by the prime contractor does not affect plaintiff's right to perfect a lien as a subcontractor under G.S. 44A-18 which provides:

"Upon compliance with this Article:

(1) A first tier subcontractor who furnished labor or materials at the site of the improvement shall be entitled to a lien upon funds which are owed to the con-

tractor with whom the first tier subcontractor dealt and which arise out of the improvement on which the first tier subcontractor worked or furnished materials.

\* \* \*

(6) The liens granted under this section are perfected upon the giving of notice in writing to the obligor as hereinafter provided and shall be effective upon the receipt thereof by such obligor."

G.S. 44A-20 provides:

"(a) Upon receipt of the notice provided for in this Article the obligor shall be under a duty to retain any funds subject to the lien or liens under this Article up to the total amount of such liens as to which notice has been received.

(b) If, after the receipt of the notice to the obligor, the obligor shall make further payments to a contractor or subcontractor against whose interest the lien or liens are claimed, the lien shall continue upon the funds in the hands of the contractor or subcontractor who received the payment, and in addition the obligor shall be personally liable to the person or persons entitled to liens up to the amount of such wrongful payments, not exceeding the total claims with respect to which the notice was received prior to payment.

\* \* \*

(d) If the obligor is an owner of the property being improved, the lien claimant shall be entitled to a lien upon the interest of the obligor in the real property to the extent of the owner's personal liability under subsection (b), which lien shall be enforced only in the manner set forth in G.S. 44A-7 through 44A-16 and which lien shall be entitled to the same priorities and subject to the same filing requirements and periods of limitation applicable to the contractor."

Under this statute when a subcontractor notifies the owner of a claim against the contractor and the owner disburses money to the contractor after such notification, the owner is liable to the subcontractor to the extent of the funds disbursed and the subcontractor may perfect a lien on the realty of the owner. In the

instant case the papers show that the plaintiff notified the owner of a claim against the contractor prior to payment by the owner to the contractor. This would create a debt from Wilson Acres Apartments to Con Co, Inc. and if properly perfected, would create a lien on the land of Wilson Acres Apartments in favor of the plaintiff.

[2] Wilson Acres Apartments, Ltd. argues that the notice was not properly given under G.S. 44A-20 because the plaintiff filed the lien claim before giving actual notice to the obligors. It contends the lien could not have arisen until notice was given and by filing the lien claim before notice was given, it is of no effect. We cannot so hold. We do not believe the fact that the lien claim was filed before the notice was actually served should make a difference. The claim did not ripen into a lien upon the land until Wilson Acres paid McGowan Builders after being notified of the claim. The plaintiff had to file the claim for the lien within 120 days of the last work performed in order to comply with the statute in perfecting the lien. We hold that the fact that the plaintiff did not give actual notice of the claim until after it had filed the claim in the office of the clerk of superior court did not void the claim of lien which was filed in the clerk's office. If Wilson Acres had moved to strike the claim before paying McGowan Builders, it might be a different case.

The appellees also contend that the plaintiff may not bring this action because it is not the real party in interest. They say this is so because by its own allegations in the complaint, the plaintiff shows that Ellis Morall, Inc. had contracted to complete the work for plaintiff and Ellis Morall, Inc. should be the party who brings this action. The plaintiff has also alleged that McGowan Builders, Inc. breached the contract by refusing to allow Ellis Morall, Inc. to complete the work. Plaintiff alleged that because of the material breach by McGowan of the Ellis Morall, Inc. contract, the plaintiff had elected to treat the contract as rescinded. If the plaintiff can prove these allegations, it is the proper party to bring this action.

We hold the superior court was in error in granting the motion for summary judgment for Wilson Acres Apartments as to the plaintiff's claim for a debt against Wilson Acres Apartments and for its claim of lien as a first tier subcontractor on the real property of Wilson Acres Apartments.

[3]   As to the claim against Kennedy Mortgage Company, we
hold the defendant's motion for summary judgment was properly
allowed. Kennedy Mortgage Company financed the construction of
the property. Plaintiff argues that Kennedy Mortgage Company is
an obligor within the meaning of G.S. 44A-18(6) and G.S. 44A-20 so
that when it advanced money to Wilson Acres Apartments after
being notified of the plaintiff's claim, it became obligated to the
plaintiff for its claim. G.S. 44A-17 provides:

"Unless the context otherwise requires in this Article:

*        *        *

(3) 'Obligor' means an owner, contractor or subcontrac-
tor in any tier who owes money to another as a result
of the other's partial or total performance of a con-
tract to improve real property."

G.S. 44A-7 provides:

"Unless the context otherwise requires in this Article:

*        *        *

(3) An 'owner' is a person who has an interest in the real
property improved and for whom an improvement is
made and who ordered the improvement to be made.
'Owner' includes successors in interest of the owner
and agents of the owner acting within their authori-
ty."

The plaintiff contends Kennedy Mortgage Company is an owner
within the meaning of G.S. 44A-7(3) which makes it an obligor
within the meaning of G.S. 44A-17(3). Kennedy Mortgage would
have an interest in the real property since it has a deed of trust
upon it. We do not believe, however, that it is a person "for whom
an improvement was made" or "who ordered the improvement to
be made." The fact that its secured interest was improved by the
improvements does not mean the improvement was made for it.
The improvement was made for Wilson Acres Apartments, Ltd.
Wilson Acres, not Kennedy, ordered the improvements to be
made. The plaintiff contends that the provisions of the deed of
trust which gives Kennedy Mortgage Company such rights as the
right to pay taxes, collect on insurance policies, approve construc-
tion, and disburse funds gives the mortgagee a power coupled

with an interest which is a form of agency. We do not believe the legislative intent is that Kennedy Mortgage Company is an agent within the meaning of this statute. We hold that the plain words of G.S. 44A-7(3) require we determine Kennedy Mortgage Company is not an agent of the owner.

As to the summary judgment in favor of Wilson Acres Apartments, Ltd. we affirm as to the claim for a contractor's lien and reverse and remand for further proceedings in accordance with this opinion as to the claim for a debt against Wilson Acres Apartments, Ltd. and for a lien as a first tier subcontractor against the real property.

Affirmed in part; reversed and remanded in part.

Judges VAUGHN and HILL concur.