VULCAN MATERIALS COMPANY, OUTER BANKS CONTRACTORS, INC., S. T. WOOTEN CONSTRUCTION CO., INC., AND GREYSTONE CONCRETE PRODUCTS, INC. v. FOWLER CONTRACTING CORPORATION, COMMERCIAL GRADING, INC. AND MARKETPLACE ASSOCIATES, LIMITED PARTNERSHIP

No. 929SC823

(Filed 7 September 1993)

**Liens § 32 (NCI4th) — subcontractors liens — limited to amount remaining on prime contract**

The trial court correctly ordered defendant Marketplace to deposit $42,000 with the clerk of court so that it could be divided among the plaintiffs and granted Marketplace's motions to have all claims and claims of lien dismissed where defendant Marketplace had contracted with defendant Fowler to build a shopping center on Marketplace's property; Fowler subcontracted with defendant Commercial Grading; Commercial Grading subcontracted with plaintiff Outer Banks Contractors for asphalt; Fowler subcontracted with plaintiff Vulcan Materials for stone; liens and actions were eventually filed and all plaintiffs were joined; Marketplace owed approximately $42,000 on the contract with Fowler when it received notice of the liens; plaintiffs' claims far exceeded $42,000; and Marketplace conceded its liability for the $42,000 and moved for the relief granted. Because plaintiffs are subrogated to the rights of the general contractor, they may assert only the lien rights which the general contractor has in the project and the general contractor can enforce the lien only for the amount due on the contract. Plaintiffs are, therefore, similarly limited. N.C.G.S. § 44A-23.

**Am Jur 2d, Mechanics' Liens § 242.**

**VULCAN MATERIALS CO. v. FOWLER CONTRACTING CORP.**

[111 N.C. App. 919 (1993)]

Appeal by plaintiffs from order entered 21 May 1992 by Judge Robert H. Hobgood in Vance County Superior Court. Heard in the Court of Appeals 16 June 1993.

Marketplace Associates (Marketplace) contracted with Fowler Contracting Corporation (Fowler) to build a shopping center on Marketplace's property. Fowler, the general contractor, subcontracted with Commercial Grading which in turn subcontracted with Outer Banks Contractors (Outer Banks) to supply asphalt for the project. Fowler also subcontracted with Vulcan Materials Company (Vulcan) for the stone to be used on the project.

On 23 January 1991, Outer Banks filed a claim of lien with the Clerk of Vance County Superior Court. Outer Banks also notified Marketplace of the lien. Outer Banks filed a complaint against Commercial Grading and Marketplace on 14 March 1991. Commercial Grading subsequently filed for bankruptcy. Each of the remaining plaintiffs filed separate lawsuits against either Marketplace, Fowler, Commercial Grading, or all three, and all plaintiffs were eventually joined in this action.

Marketplace owed approximately $42,000.00 on the contract with Fowler (the contract) when it received notice of the liens. Marketplace retained those funds for disbursement to the plaintiffs, but plaintiffs' claims far exceeded $42,000.00. Marketplace conceded its liability for the $42,000.00 and moved for relief under N.C.R. Civ. P. 22 and 56 to have all claims and claims of lien dismissed. The court granted the motions and ordered Marketplace to deposit $42,000.00 with the clerk of court so that it could be divided among the plaintiffs. From this order plaintiffs Outer Banks and Vulcan appeal.

*Robert Tally, P.C., by Robert Tally, for plaintiff appellant Vulcan Materials Company.*

*Pritchett, Cooke & Burch, by William W. Pritchett, Jr. and David J. Irvine, Jr., for plaintiff appellant Outer Banks Contractors, Inc.*

*Perry, Kittrell, Blackburn & Blackburn, by Bennett H. Perry, Jr., for defendant appellee Marketplace Associates.*

ARNOLD, Chief Judge.

Plaintiffs argue that their liens on Marketplace's real property are not limited by the amount remaining due on the contract. They

**VULCAN MATERIALS CO. v. FOWLER CONTRACTING CORP.**

[111 N.C. App. 919 (1993)]

contend that under *Electric Supply Co. v. Swain Elec. Co.*, 328 N.C. 651, 403 S.E.2d 291 (1991), they are permitted to assert liens on the improved property for the full amount of their claims even though that amount greatly exceeds the amount due on the contract. We disagree.

The relevant statute, N.C. Gen. Stat. § 44A-23 (1989), reads in pertinent part:

> A first, second or third tier subcontractor, who gives notice as provided in this Article, may, to the extent of his claim, enforce the lien of the contractor created by Part 1 of Article 2 of this Chapter. The manner of such enforcement shall be as provided by G.S. 44A-7 through 44A-16.

Our Supreme Court in *Swain* determined that this statute provides "first-, second-, and third-tier subcontractors a separate right of subrogation to the lien of the contractor who deals with the owner, distinct from the rights contained in N.C.G.S. § 44A-18." *Swain*, 328 N.C. at 660, 403 S.E.2d at 297.

As for the extent of the lien, the Supreme Court held that:

> [T]he subcontractor may assert whatever lien that the contractor who dealt with the owner has against the owner's real property relating to the project. Therefore, even if the owner has specifically paid the contractor for the labor or materials supplied by the specific unpaid subcontractor who is claiming the lien, that subcontractor retains a right of subrogation, to the extent of his claim, to whatever lien rights the contractor otherwise has in the project.

*Id.* at 661, 403 S.E.2d at 297 (citation omitted).

*Swain* permits a subcontractor to assert the general contractor's lien even though the owner has already paid the general contractor specifically for the subcontractor's labor or materials. That right is limited, however, by the lien rights the contractor has in the property. *Id.* Plaintiffs are necessarily limited in this way by the nature of the right they assert.

The subcontractor's right to assert a lien pursuant to G.S. § 44A-23 arises by way of subrogation, *Mace v. Bryant Constr. Corp.*, 48 N.C. App. 297, 269 S.E.2d 191 (1980), and "it is firmly established that '[a] party can acquire no better right by subrogation than that of the principle.'" *Thomas v. Ray*, 69 N.C. App.

412, 420-21, 317 S.E.2d 53, 58 (1984) (quoting *Dowdy v. Southern Ry. Co.*, 237 N.C. 519, 525, 75 S.E.2d 639, 643 (1953) ). Because plaintiffs are subrogated to the rights of the general contractor, they may assert only the lien rights which the general contractor has in the project. *Swain*, 328 N.C. at 661, 403 S.E.2d at 297. The general contractor can enforce the lien only for the amount due on the contract, and plaintiffs are, therefore, similarly limited. The trial court's order is affirmed.

Affirmed.

Judges COZORT and MARTIN concur.